WHITCROFT (CARROLL v.). See Case No. 2,458.

*WHITE, Ex parte. See In re PIERCE.

---

## Case No. 17,531.

### In re WHITE et al.

[2 Ben. 85; [1] 1 N. B. R. 218 (Quarto. 1).]

District Court, S. D. New York. Jan., 1868.

BANKRUPTCY—SALE OF ASSETS BY ASSIGNEE.

No order of court is necessary to authorize the assignee to sell unencumbered assets of the bankrupt.

In this case the assignee in bankruptcy applied to the court for an order directing him to sell certain unencumbered assets of the bankrupts which had come into his hands.

BLATCHFORD, District Judge. No order is necessary. By section 15 of the bankruptcy act the assignee is required to sell all unencumbered estate, real and personal, which

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

comes to his hands, on such terms as he thinks most for the interest of the creditors. General order No. 21 regulates the sale.

---

## Case No. 17,532.

### In re WHITE.

[2 N. B. R. 590 (Quarto. 179); 16 Pittsb. Leg. J. 110; 2 Am. Law T. 105; 1 Am. Law T. Rep. Bankr. 136; 1 Chi. Leg. News, 326.] [1]

District Court, D. Massachusetts. 1868.

BANKRUPTCY—DISCHARGE.

A bankrupt who is a tradesman is not entitled to a discharge under the bankrupt act if he has not kept an invoice or stock book.

[Cited in Re Archenbrown, Case No. 505; Re Frey, 9 Fed. 379.]

In bankruptcy.

J. G. Abbott and B. Dean, for creditors.

J. D. Ball, for bankrupt.

LOWELL, District Judge. The bankrupt was a tradesman, and the evidence tends to show that he did not keep such books of account as would enable his assignee to ascertain the state of his affairs, in this, that he kept no invoice book or stock book, so that it was impossible to tell what property he was possessed of in his trade. As I intimated at the hearing, the law which refuses a discharge to an honest trader because his books are not proper. has always seemed to be a harsh one and likely to cause some injustice. But I cannot refuse to carry out the law as I find it. A discharge from debts is not a right, but a privilege, and congress can annex, to its grant of the privilege, such conditions as in its discretion seem to be appropriate; while, therefore, I should not be disposed to extend the statute by construction beyond its fair meaning, and perhaps should not hold that a trader had not kept proper books if he had merely made some careless omissions or mistakes without fraud in books themselves proper, yet I cannot say that the omission of any entire book, or set of entries, necessary to the understanding of his business can be overlooked. Perhaps, if the bankrupt kept all the original invoices themselves. from which such a book could be made up, it might be enough. There is no evidence in this case whether this was done or not. Discharge refused.