JEREMIAH CROWLEY *vs.* HENRY D. HYDE & another,
assignees.

Suffolk. Nov. 10, 1874. — Jan. 9, 1875. WELLS & DEVENS, JJ., absent.

The general order in bankruptcy, made by the Supreme Court of the United States,
under the U. S. St. of 1867, *c.* 176, § 10, providing that notice of the time and place
of the sale of a bankrupt's real estate " shall be at least twenty days before such
sale," is directory only, affecting the accountability of the assignee, but not the
title of a purchaser in good faith.

CONTRACT for money had and received by the defendants to
the plaintiff's use. In the Superior Court judgment was ordered
for the defendants on agreed facts in substance as follows, and
the plaintiff appealed to this court.

The defendants, as assignees of a bankrupt, sold a parcel of his
real estate, subject to certain mortgages, at public auction, and
the plaintiff was the purchaser thereof. The sum now sued for
was paid by the plaintiff to the defendants' agent, in compliance
with the terms of the sale requiring $600 to be paid down by
the purchaser. Notice of the sale was given, but not twenty
days before the sale, as required by General Order 21 of the
Supreme Court of the United States. The defendants offered to
tender the plaintiff a good and sufficient deed of the property
within the period of fifteen days, but the plaintiff waived the
tender, and stated that he made no objection to the title, but
only declined to take the deed and complete the purchase because
of his inability to pay certain mortgages due on the property,
and subject to which the property was sold. At the time he
waived a tender of the deed, the plaintiff had had the title exam-
ined, but this did not include the doings of the assignees in adver
tising and selling the property, and he did not have actual knowl-
edge of the want of twenty days' notice of sale, and did not dis-
cover it for a number of days after the said period of fifteen days,
when for the first time the plaintiff claimed to have the money
returned to him.

*G. W. Phillips,* for the plaintiff. The United States Bank-
rupt Act, St. 1867, *c.* 176, § 10, gives the Supreme Court au-
thority to make general orders " for regulating the duties of the
various officers of the District Courts in Bankruptcy," and

" generally for carrying the provisions of this act into effect." General Order 19 provides that the assignee shall prepare a complete inventory of all the property of the bankrupt that comes into his possession, and that " all sales of the same shall be by public auction, unless otherwise ordered by the court." General Order 21 provides that notice of the time and place of sale of real estate shall be " at least twenty days before such sale ; " upon application to the court, for good cause shown, the assignee may be authorized to sell at private sale ; and the court may, by order in special cases, dispense with newspaper and hand-bill advertisements. Here the assignees undertook to sell, at public auction, under Order 21 ; and gave notice by newspaper advertisement ; but not for the required twenty days. The sale was therefore invalid. *Holbrook* v. *Coney*, 25 Ill. 543, 549. *Cleveland* v. *Boerum*, 27 Barb. 252, 254. *Gray* v. *Heslep*, 33 Misso. 238, 243. *Osborn* v. *Baxter*, 4 Cush. 406, 407. *Wellman* v. *Lawrence*, 15 Mass. 326, 330.

*H. D. Hyde & M. F. Dickinson, Jr.*, for the defendants.

GRAY, C. J. The bankrupt act provides that upon the execution of the assignment all the property of the bankrupt, of every kind not specifically exempted, shall vest in the assignee, and all debts and rights of action for or of redeeming property of the bankrupt, " with the like right, title, power and authority to sell, manage, dispose of, sue for and recover or defend the same, as the bankrupt might or could have had if no assignment had been made." The further provision that he may, " under the order or direction of the court," redeem or discharge any mortgage or incumbrance, or sell subject to it — like that authorizing the court, upon petition and for cause shown, to make an order concerning the time, place and manner of selling unincumbered property — does not affect the general powers of the assignee, when no special order is made. U. S. St. 1867, c. 176, §§ 14, 15.

The regulations contained in the General Orders, framed by the Supreme Court of the United States under § 10, concerning the notice to be given of such sales, must be deemed, like the corresponding provisions of our own St. of 1861, c. 104, in the case of insolvent debtors, to be directory only, affecting the accountability of the assignee, but not the title of those who purchase in good faith from him. *Tuite* v. *Stevens*, 98 Mass. 305.

The case differs from that of *Osborn* v. *Baxter*, 4 Cush. 406, in which an express requirement of the bankrupt act of 1841 had been disregarded by the court in an order for a sale by an assignee appointed under that act ; and from *Wellman* v. *Lawrence*, 15 Mass. 326, which was a case of a sale by an administrator, who had no title in the estate, but a mere power to be exercised in strict compliance with the statutes of the Commonwealth.

The plaintiff has therefore no ground of objection to the title offered to be conveyed to him by the assignees, and no right to recover back the money paid under the contract of sale.

*Judgment for the defendants.*