## W. W. CURDY ET AL. V. CARRIE STAFFORD ET AL.

### No. 266.

1. **Substitute Deed.**

   A deed reciting, "this deed is a substitute for a deed made heretofore, in which the situation of the land was not properly described," was competent to pass title against the grantor, at least by estoppel ............... 123

2. **Description—Deed.**

   An assignee in bankruptcy executed a deed for "all the right, title, and interest which L. C. Cunningham (the bankrupt) had and claimed in and to

*a part of bounty warrant number 2930, for 1280 acres of land, issued to Robert B. Owens, April 13, 1838, by B. E. Bee, Secretary of War*, to have and to hold unto him, the said G. W. Levine, his heirs and assigns forever, all the aforesaid right, title, and interest which the said L. C. Cunningham had and claimed in and to a part of the above described bounty warrant." This deed was not void for want of description of the land..................... 123

3. **Common Source of Title.**
In trespass to try title, the defendants claimed under an assignee's sale in bankruptcy proceedings; the plaintiff, under a subsequent deed from the discharged bankrupt. The parties thus claimed under a common source, and defendants were not required to show title in the bankrupt ......... 124

4. **United States District Court in Bankruptcy Proceedings.**
The United States District Court in Bankruptcy was not a court of special or limited jurisdiction. The act itself provides, that the court shall be a court of record, and that certified copies of its records shall be evidence of the facts therein stated........................................... 125

5. **Schedule of Property in Bankruptcy.**
The title to all the bankrupt's property which was not exempt passed by the deed of assignment, whether it was properly scheduled or not............ 125

6. **Power of Assignee in Bankruptcy.**
Under the bankrupt act of 1867, the duly appointed assignee in bankruptcy of one adjudicated a bankrupt had power to sell the property of such bankrupt. No special order of sale was required under the law .............. 125

7. **Assignee's Power to Sell.**
The statute conferred full power on the assignee to sell without order of sale, and he could sell at private sale. Such sale was not void because not in conformity with General Order No. 21 of Supreme Court, made under the provisions of section 10 of the act ..................................... 126

8. **Sale of Located Certificate Carries the Land.**
A conveyance by a person in his private capacity of a land certificate conveys the land located by it; and as the bankrupt act prescribed that the assignee shall have the same authority to sell and dispose of the estate as the bankrupt might or could have had if no assignment had been made, it follows that such sale by an assignee would also convey the land................ 126

ERROR to Court of Civil Appeals for Third District, in an appeal from Runnels County.

The opinion gives a sufficient statement.

*J. P. Ledbetter* and *H. C. Randolph*, for plaintiffs in error.—1. A deed is not void for uncertainty of description, where the uncertainty is as to the amount of the interest conveyed by the grantor, and is not as to the identity and location of the land, and the amount of interest can be and is ascertained by extrinsic evidence. That is certain which can be made certain. Smith v. Westall, 76 Texas, 511; Harvey v. Edens, 69 Texas, 424; Bitner v. Land Co., 67 Texas, 342, 343; Ragsdale v. Mays, 65 Texas, 257; Rainbolt v. March, 52 Texas, 251; Wilson v. Smith, 50 Texas, 369; Kingston v. Pickens, 46 Texas, 101.

2. Extrinsic evidence is admissible for the purpose of showing the interest conveyed. Ragsdale v. Mays, 65 Texas, 257; Bowles v. Beal,

60 Texas, 323, 324; Horne v. Chatham, 64 Texas, 39; Wilson v. Smith, 50 Texas, 369; Giddings v. Lea, 19 S. W. Rep., 682.

3. The deed by Weston Rowand, assignee of L. C. Cunningham, to G. W. Levine, is to be governed by the same rules of construction as govern deeds between individuals. Wilson v. Smith, 50 Texas, 369; Giddings v. Lea, 19 S. W. Rep., 682.

*Guion & Truly*, for defendants in error.—1. The deed by the assignee was void on its face for uncertainty of description. The description purporting to be given was a patent ambiguity, the sale was a judicial sale, and the description could not legally be aided by extrinsic evidence.

That it is a patent ambiguity: Norris v. Hunt, 51 Texas, 610; Wofford v. McKinna, 23 Texas, 36; Hurt v. Moore, 19 Texas, 269; Pressley v. Testard, 29 Texas, 199; Allday v. Whitaker, 66 Texas, 671; Knowles v. Torbitt, 53 Texas. 558; Davenport v. Chilton, 25 Texas, 518; Wooters v. Arledge, 54 Texas, 395; Mitchell v. Ireland, 54 Texas, 301; Munnik v. Jung, 22 S. W. Rep., 296; 1 Am. and Eng. Encyc. of Law, title "Patent Ambiguity," p. 527, and notes; Id., 529, and notes.

That extrinsic evidence is inadmissible to remove a patent ambiguity, and the instrument is inoperative and void: Authorities above cited, and 1 Am. and Eng. Encyc. of Law, p. 529.

That greater certainty is required in judicial sales than in sales between individuals made voluntarily: Norris v. Hunt, 51 Texas, 610; Mitchell v. Ireland, 54 Texas, 301; Allday v. Whitaker, 66 Texas, 671.

That this is a judicial sale: 12 Am. and Eng. Encyc. of Law, title "Judicial Sale," pp. 208–211, and notes. And especially as to bankrupt sale, 2 Id., citing Ketchum v. Schicketanz, 73 Ind., 137; McCracken v. Kuhn, Id., 149; Dresback v. Stein, 41 Ohio St., 70; 12 Am. and Eng. Encyc. of Law, p. 208.

2. The United States court in bankruptcy proceedings exercises only a special jurisdiction, and the authority for its acts must be shown. Manning v. Hayden, 5 Sawyer, 382; Williamson v. Berry, 8 How. (U. S.), 495; Bank v. Ritchie, 8 Pet., 128.

In argument for rehearing, counsel for defendants in error discussed Mitchell v. Ireland, 54 Texas, 305; Norris v. Hunt, 51 Texas, 615; Washb. Real Prop., 3 ed., 425; Mainwaring v. Templeman, 51 Texas, 203; Shifflet v. Morelle, 68 Texas, 391; Wright v. Lancaster, 48 Texas, 250; Allday v. Whitaker, 66 Texas, 669; Harris v. Shafer, 86 Texas, 314; Munnink v. Jung, 22 S. W. Rep., 293; Mizell v. Ruffin, 113 N. C., 21; Adams v. Edgerton (Ark.), 3 S. W. Rep., 628; McLawhorn v. Worthington (N. C.), 3 S. E. Rep., 633.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendants in error to recover of the plaintiffs in error a tract of land consisting of 960 acres, which was patented to one L. C. Cunningham, as

assignee, by virtue of a bounty warrant issued to Robert B. Owens. The plaintiffs below recovered a judgment, which was affirmed in the Court of Civil Appeals.

Both parties claimed title under Cunningham, the patentee; the plaintiffs below by virtue of a deed executed by Cunningham to them, and dated May 14, 1892; the defendants under a conveyance executed May 29, 1872, from one Rowand, as assignee of the estate of L. C. Cunningham in bankruptcy, to one Levine.

The deed from Cunningham to plaintiffs contained this recital: "This deed is a substitute for a deed made heretofore, in which the situation of the land was not properly described." The conveyance was objected to by the defendant, upon the ground, in substance, that it was irrelevant; and it is now insisted, that it was incompetent to convey title by reason of the fact that it showed upon its face that a former conveyance of the land had been made by the grantor. To the proposition we can not assent. The deed passed the title of the grantor to the grantees, by estoppel, if not as a direct conveyance. The deed for which this was intended as a substitute was doubtless a conveyance to the grantees or to W. D. Stafford, the deceased husband of Mrs. Stafford, and the father of the other grantees.

The defendants, in connection with other conveyances antecedent and subsequent, offered in evidence the deed from Rowand, assignee, to Levine, which was objected to upon the grounds: first, because it is void for uncertainty of description; second, because no authority was shown for its execution; and third, because no title was shown back of the deed. The deed was excluded by the court on account of the vagueness of the description. That description is as follows: "All the right, title, and interest which L. C. Cunningham had and claimed in and to a part of bounty warrant number 2930, for 1280 acres of land, issued to Robert B. Owens, April 13, 1838, by B. E. Bee, Secretary of War, to have and to hold unto him, the said G. W. Levine, his heirs or assigns, forever, all the aforesaid right, title, and interest which the said L. C. Cunningham had and claimed in and to a part of the above described bounty warrant." The language of a deed is the language of the grantor, and if there be a doubt as to its construction, it should be resolved against him. Again, if an instrument admit of two constructions, one of which would make it valid, and the other of which would make it void, the former must prevail. An instrument which purports to convey "a part" of a certain designated tract of land, but which does not describe that part, is void for uncertainty. But one which purports to convey that part of a certain tract, which is owned and claimed by the grantor, is not void upon its face, for it may be shown by extrinsic evidence what particular part the grantor so owned and claimed. So a description of the thing conveyed as the interest had and claimed by the grantor in a part of certain land, is capable of being made certain, because it points out the part conveyed as the part in which the interest is owned and claimed. Besides,

since a land certificate is capable of division only by a separate appropriation by one or more of the owners, of a tract or tracts of land in his own individual right by virtue of his own interest in the certificate, it would seem, that when we speak of a part owner's interest in a part of a certificate, we necessarily mean all his interest in the part owned by him. But even if the description in question admits of the construction that it means Cunningham's interest in an undefined part of the certificate, it may also, without doing violence to the language, be construed to mean the part which he owned and claimed; and that construction should be adopted which would give effect to the conveyance, rather than that which would destroy it. We conclude, therefore, the objection on the ground of uncertainty in the description can not be maintained.

It is sufficient to say, as to the third ground of objection to the deed, that it was not necessary for the defendants to show title in Cunningham. He was the common source of the titles of both parties, and it was sufficient for defendants to establish an older title as emanating from that source.

The second objection presents a more serious question. The bankrupt act of 1867 provides, that "a copy, duly certified by the clerk of the court, under the seal thereof, of the assignment made by the judge or register, as the case may be, to him, as assignee, shall be conclusive evidence of his title as such assignee to take, hold, sue for, and recover the property of the bankrupt." Act of March 2, 1867, sec. 14. Whether this was intended or not to apply to suits other than those in which the assignee should be a party we are not prepared to say, and we find it unnecessary to decide the question. In connection with the deed of the assignee, the defendants introduced in evidence, without objection, copies of L. C. Cunningham's certificate of discharge, of his list of assets, of the deed of assignment. and of the order of the court directing the assignee to sell the assets of L. C. Cunningham & Co. Unless the assignment itself is evidence that the title of Cunningham passed to the assignee, the regular course would have been to have introduced in evidence a copy of the order adjudicating Cunningham a bankrupt, or if the original record of that order was lost, then to have proved its existence by such secondary evidence as was obtainable. But the objection to the deed of the assignee to Levine was not that the order adjudicating Cunningham a bankrupt was not proved, but that no authority was shown for the execution of the deed. This objection can not be sustained. The proceedings from the District Court of the United States in Bankruptcy lead inevitably to the conclusion that Cunningham was adjudged a bankrupt, and that Rowand was appointed the assignee of his estate; and they show authority in the assignee to sell the land and make the conveyance. They are indirect evidence, it is true, and may of themselves have been incompetent for the purpose of showing the assignee's authority, if the proper objection had been made.

After the defendants' bill of exception to the exclusion of the assignee's deed was allowed, the plaintiffs made application to the court to amend it, so as to show that more specific objections had been interposed to the deed and to the proceedings from the bankrupt court. The application was refused—presumably for the reason that such objections were not in fact made.

It appears, however, from the defendants' bill of exceptions, that the court excluded the deed upon the first objection urged to it, namely, for vagueness of description, and that the other two objections were overruled. By cross-assignments of error, the appellees, the plaintiffs in the trial court, seek to call in question the action of the court in not excluding the copies of the proceedings of the bankrupt court. It is a sufficient answer to this assignment to say, that the record does not show that any objection was ever offered to the evidence. But since the case will be reversed, we think it proper to pass briefly upon the objections, though presented for the first time upon appeal.

It is strenuously insisted, that the District Court of the United States sitting in Bankruptcy, was a court of special and limited jurisdiction, and that therefore no presumptions should be indulged in favor of its orders or decrees in any particular case. That this contention can not be maintained is well settled. Michaels v. Post, 21 Wall., 398; Chapman v. Brewster, 114 U. S., 158; Mount v. Manhattan Co., 41 N. J. Eq., 211. Besides, the bankrupt act provides that the court shall be a court of record, and that certified copies of its records shall be evidence of the facts therein stated. Rev. Stats. U. S., art. 4992.

It is also objected, that the schedule in bankruptcy of Cunningham was not sworn to; but the title to all the bankrupt's property which was not exempt passed by the deed of assignment, whether it was properly scheduled or not. Rev. Stats. U. S., art. 5044; Jones v. Pyron, 57 Texas, 43.

We concur in the propositions, that the order of sale, which was exhibited in evidence, applies only to the partnership property of L. C. Cunningham and Co.; and that it did not direct the sale of his individual assets. But no order of sale was necessary to empower the assignee to sell the property. Under section 15 of original Act of March 2, 1867, it is made the duty of the assignee to "sell all such unincumbered estate, real and personal, which comes to his hands, on such terms as he thinks most for the interest of the creditors." Mims v. Swartz, 37 Texas, 13; Pope v. Davenport, 52 Texas, 206; In re White, 2 Ben., 85. The statute conferred full power upon the assignee to sell at private sale without notice. The sale was not, however, made in conformity to the General Orders of the Supreme Court, No. 21, made under the provisions of section 10 of the act. Bump on Bankruptcy, 741. The regulations in this order are held directory only, and to affect the accountability of the assignee, but not the title

of those who purchase from him. Crowley v. Hyde, 116 Mass., 589. The failure to observe these rules would at most render the sale irregular, and subject to be set aside by direct attack. It was not void, and can not be successfully attacked in a collateral proceeding.

The sale in this case was made while the original provisions of the Act of 1867 were still in force. The Act of June 22, 1874, so amended the statute as to require the assignee to sell at public auction, unless otherwise ordered by the court. The case is distinguishable in all its features from that of Webb v. Haskit, 25 Southwestern Reporter, 161, in which the attempted conveyance of a tract of land by an assignee was held invalid. The deed in that case was made after the amendment of 1874 had taken effect. There the court ordered a sale of the certificate, upon a petition alleging that a patent to the land could not be procured; the land had in fact been patented, and under the order the assignee undertook to convey the land.

In the present case, the deed purported to convey the certificate only, although it had then been located upon the land which was subsequently patented. We have held, that a conveyance by a person in his private capacity of a land certificate which is located, conveys the land upon which the location is made; and it is provided in section 14 of the original bankrupt act, that the assignee shall have the same authority to sell and dispose of the estate "as the bankrupt might or could have had, if no assignment had been made." It follows, that since a conveyance of the certificate made by the bankrupt would have conveyed the land, a conveyance by the assignee has the like effect.

For the error of the court in excluding the deed from the assignee to Levine, the judgments of the District Court and of the Court of Civil Appeals are reversed, and the cause remanded.

*Reversed and remanded.*

Delivered March 25, 1895.