NEYLAND & NEYLAND V. TEXAS YELLOW PINE LUMBER
COMPANY ET AL.

Decided June 17, 1901.

**1.—Limitation—Adverse Possession—Occupancy by Tenant.**

Where the agent of a company that claimed, under a duly recorded deed, a tract of 1077 acres of unimproved land, found that a person owning adjoining land had by mistake enclosed and placed some improvements on three acres of the company's tract, and the agent thereupon arranged with such person to continue his occupancy as tenant of the company, and to look after the entire tract for the company and keep trespassers off, such occupancy constituted a sufficient adverse possession of the tract on the part of the company to support the plea of five years limitation.

**2.—Record of Deed—Description of Land—Constructive Notice—Putting on Inquiry.**

The record of a deed of land described as "2214 acres situated in T. County, Texas, patented to P. Nolin," is not constructive notice to parties already claiming a tract of 1077 acres located by virtue of a headright certificate issued to J.

Nolin, situated in T. County, but not patented; nor is it sufficient to put such parties on inquiry.

**3.—Same—Putting on Inquiry.**

A recorded deed is constructive notice only of the facts it recites, and charges subsequent parties with notice of what a reasonably prudent person, with knowledge of the facts recited therein, would have ascertained by inquiry, only where such parties have actual knowledge of the deed or its record.

**4.—Continuance—Discretion—Diligence.**

The discretion of the trial court in refusing an application for continuance to obtain the testimony of a witness will not be revised where it appears that for a year the applicant had used no diligence to get the witness.

**5.—Assignment of Error—Clerical Mistake in Charge—Fundamental Error.**

Where the use of a wrong initial letter in the charge of court (in stating the name of the original grantee of the land in controversy) was a clerical error such as could not have misled the jury, such error is not fundamental, and the question as to its effect can not be raised on appeal where no assignment is found in the record assailing that part of the charge.

Appeal from Tyler. Tried below before Hon. Stephen P. West.

*Neyland & Neyland, W. C. Jones, Crawford & Ford,* and *J. A. Mooney,* for appellant.

*Kirby, Martin & Eagle, J. F. Lanier,* and *A. M. Hill,* for appellees.

GILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellants for the recovery of 1077 acres of land situated in Tyler County, Texas. The appellee, the Texas Yellow Pine Lumber Company, the original defendant, answered by general demurrer, general denial, plea of not guilty, and pleaded limitation under the three, five, and ten years statutes. The Texas and Louisiana Lumber Company and John H. Kirby were vouched in as warrantors, and answering adopted the answer of the original defendant. A trial before the court and a jury resulted in a judgment for defendants, from which plaintiffs have appealed.

The land sued for is part of the land located and patented by virtue of headright certificate No. 107, issued by the board of land commissioners of Jasper County to "John Nolen or *Nowlin,*" February 2, 1838, for a league and labor of land. Plaintiffs deraigned title as follows.: Proceedings in the probate court of Tyler County by which one-half the league and labor certificate No. 107 was set apart to Amelia Nolin, widow of John Nolin, as her community interest therein. R. Odom, administrator of the estate of John Nolin, deceased, in pursuance of said allotment deeded to her a half interest in the certificate. The other half of the certificate was sold by Odom, under orders of the probate court, and was bought by and conveyed to H. W. Bendy, under whom both plaintiffs and defendants claim as common source. This sale occurred in 1860. The labor was sold to C. A. Ogden, and is not in controversy on this appeal.

Plaintiffs also adduced in evidence field notes of the survey made by

M. L. McAlister, surveyor of Tyler County, and filed in the General Land Office, August 27, 1862. This survey was made for H. W. Bendy and R. R. Neyland, and covered the land in controversy. The field notes being incorrect, patent was withheld as to the 1077 acres. They were afterwards corrected by McAlister, and, as corrected, were filed in the General Land Office in May, 1882. The patent issued on the corrected field notes on July 11, 1887.

Plaintiffs next introduced certified copy of proceedings in the United States District Court in Galveston County, showing that on August 23, 1871, H. W. Bendy was adjudged a bankrupt on his voluntary application. That G. W. Stancel was appointed assignee, and deed was made by Jesse Stancel, register in bankruptcy, to said assignee, conveying all the estate of the bankrupt to him. This deed was dated September 8, 1871. On December 22, 1871, the lands were ordered sold on the application of a creditor. The order directed the assignee to sell lands belonging to. the estate described as "2214 acres H. R., J. Nolin. County not known." The tract was listed on the bankrupt's schedule of assets as follows: "2214 acres of land, part of J. Nolin league. Unimproved. Claim in conflict and title imperfect. Estimated value $640."

In pursuance of this order the land was sold by G. W. Stancel, assignee, to J. M. Burroughs, and deed made thereto on March 6, 1872. The deed described the land as "2214 acres of land situated in Tyler County, Texas, patented to *P.* Nolen." The deed from Stancel, the register, to Stancel, the assignee, was attached to the Burroughs deed, and both were placed of record in Tyler County on March 20, 1872. The assignee reported to the court that he had sold to Burroughs "2214 acres of land patented to J. Nolin, in Tyler County, at 3 cents an acree." None of the judgments, orders, or reports in the bankruptcy proceedings were recorded in Tyler County. On March 30, 1872, Bendy received his discharge as a bankrupt.

It was then shown by plaintiff that Mrs. Amelia Nolin's interest in the certificate was located on 2215 acres of land in Tyler County in one tract about twenty-five miles from Woodville, the county site, and same was patented in the name of J. Nolin prior to the beginning of the bankruptcy proceedings. The land in controversy is situated about three miles from Woodville. Amelia Nolin sold her tract above mentioned to one Phillips who afterwards, on March 29, 1884, sold to another, and it has never been the property of Bendy. It was also shown that several patents were issued to John Nolin in 1863 for land situated in Tyler County, all by virtue of said certificate No. 107, and aggregating about 800 acres. It was further shown that in a suit brought by plaintiffs in Tyler County against J. M. Burroughs for the land in controversy, judgment therefor was rendered in their favor on the disclaimer of Burroughs.

Defendants in support of their title proved that H. W. Bendy died in 1884, and that they. hold the land in controversy under mesne conveyances through a sale made in 1887 by his administrator under orders of

the probate court in which the administration was pending. R. A. Cruse was the purchaser. These conveyances were duly recorded, and the taxes were paid by defendants during the entire period of limitation asserted by them, and their deeds fully and accurately described the land. By them it is shown that Cruse sold to G. W. Norsworthy, and Norsworthy to the Texas and Louisiana Lumber Company; the latter to J. H. Kirby, and Kirby to the Texas Yellow Pine Lumber Company. All paid value, and it was affirmatively shown that none of the defendants had any actual notice of the deed of Stancel to Burroughs; of Stancel, register, to Stancel, assignee, or in any other way, of the bankruptcy of Bendy, or the claims of plaintiffs at the date of their several purchases.

In support of the pleas of limitation J. H. Kirby testified that in 1889 he discovered that one G. W. Woolly, who owned the land adjoining the tract in controversy, had by mistake inclosed three acres thereof and established improvements thereon. That thereupon he arranged with Wolly to continue to occupy same as the tenant of the Texas and Louisiana Lumber Company. That in consideration of his occupancy the company would allow him to purchase such land as he might select around his improvements in case he at any time concluded to do so. That Woolly, in consideration of the agreement, undertook to look after the entire tract for the company and to keep trespassers off. That Woolly's occupancy under this arrangement continued until Woolly sold out and moved off in 1897.

Certain facts and circumstances were testified to which presented a conflict upon this issue, but Kirby's testimony is sufficient to sustain the finding that Woolly occupied and exercised dominion over the land in controversy as tenant and employe of defendant for about eight years, and that such occupancy constituted adverse possession. Indeed, the sufficiency of the evidence to sustain this conclusion is not assailed by any assignment of error. We therefore find that the evidence sustains the defendants' plea of limitation of five years. Such an arrangement and occupancy thereunder has been held to constitute adverse possession. Brown v. Scanlan, 59 Texas, 227.

The trial court refused to give the following special charge requested by appellant: "You are instructed that, as a matter of law, the deed from G. W. Stancel, assignee of the estate of H. W. Bendy, bankrupt, to J. M. Burroughs, offered in evidence by the plaintiffs and filed for record and recorded in Book G, pages 543-545 of the deed records of Tyler County, Texas, on the 20th of March, 1872, together with the deeds of assignment thereto from Jesse Stancel, register in bankruptcy, to G. W. Stancel, assignee, thereto attached and so recorded, is sufficient to put subsequent purchasers of the lands, therein described and conveyed, upon notice of its contents."

This action is assigned as error. We are of opinion the court did not err in the respect complained of. The land in controversy is a tract of 1077 acres, and was not patented at the date of the deed from the assignee to Burroughs, and was a part of the J. Nolin survey. The land

conveyed to Burroughs is described in said deed as "2214 acres situated in Tyler County, Texas, patented to P. Nolin." It does not on its face purport to affect the tract in controversy, nor, if it be read in connection with the deed from the register to the assignee, does it necessarily appear to convey the tract in controversy. The deed from the register to the assignee does not undertake to describe the lands belonging to the estate of the bankrupt, but simply conveys the entire estate. By virtue of the voluntary bankruptcy . proceedings the entire estate of the ·applicant passed to the register, whether scheduled or not. Curdy v. Stafford, 88 Texas,120; Jones v. Pyron, 57 Texas, 43; Rev. Stats., U. S., art. 5044. Lands belonging to the estate of a bankrupt and not sold during the proceedings in bankruptcy will, upon the discharge of the bankrupt, revert to his private estate. Authorities last above cited, and Herndon v. Davenport, 75 Texas, 462. So that had appellees seen the register's deed and the deed to Burroughs, they might have concluded that an unscheduled tract had been sold to Burroughs, and that the land in controversy, not having been sold, reverted to Bendy. It was actually listed as a part of the estate of Bendy after his decease and was sold in due course of administration.

The registry of a deed is constructive notice to subsequent purchasers only (White v. McGregor, 92 Texas, 556) ; and is constructive notice only ·of the facts it recites. If the deed in question did not purport on its face, or read in connection with the deed to the assignee, to convey the land in controversy, it was not constructive notice to appellants. The requested charge would have instructed the jury that the two deeds mentioned were, as a matter of law, constructive notice of their contents, ignoring the fact that in neither was the land in question described, and ignoring the fact that in the deed to Burroughs the description, standing alone and unexplained, described a different tract of land of larger acreage and purporting to have been patented to a different person.

The charge seems to have been requested on the theory that the two ·deeds recited facts which, if known to appellees, were sufficient to have provoked inquiry which if pursued would have led to a knowledge of the fact that the land in question was actually sold to Burroughs. This theory might be sound if the original deeds or the record thereof had been actually seen by the parties sought to be affected thereby. But they are shown to have had no actual knowledge of their existence. We understand the rule to be that a recorded deed is constructive notice only of the facts it recites, and that the rule that a party is chargeable with notice of what a reasonably prudent person with knowledge of the facts recited would have ascertained by inquiry applies only where the party has actual knowledge of the deed or its record. White v. McGregor, ·supra; Taylor v. Harrison, 47 Texas, 454; McLouth v. Hurt, 51 Texas, 115; Cook v. Bremond, 27 Texas, 457.

While it is plain from all the facts in evidence that, as between the .assignee and Burroughs, the land in question was intended to be sold to Burroughs, the conclusion is reached not by the recitals in the instru-

ment itself, but from parol proof that there was no *P*. Nolin survey in Tyler County, and by facts gleaned from the unrecorded proceedings in bankruptcy of which the law does not charge appellees with constructive notice.

As between the assignee in bankruptcy and Burroughs, the latent ambiguity or mistake in the deed to Burroughs could have been explained or corrected under allegation and proof in a proceeding brought for the purpose. But this rule applies as between the parties, and does not affect third parties having no notice of the latent ambiguity or mistake.

Inasmuch as the deed to Burroughs did not purport on its face to convey the land in controversy, the trial court was correct in refusing to charge as a matter of law that the instrument was, as to appellees, constructive notice of its contents.

Most of the cases cited by appellant on the question of sufficiency of description arose between purchasers and the heirs of the grantor, and involve the question of the sufficiency of the description to pass title as between the parties, and the right of the parties to explain and aid the description by parol evidence. It is true that in Swearengen v. Reed, 2 Texas Civil Appeals, 364, the court uses the expression, "the description in the recorded deed was sufficient to put a prudent man upon inquiry," but it also appears that the description, taken altogether, might of itself have been held a proper and sufficient description to identify the land.

In James v. Koy, 59 Southwestern Reporter, 295, the deed from the assignee in bankruptcy, after a general description of the land, specifically referred to another recorded instrument and to the schedule of the bankrupt for description. It was held to be constructive notice of the facts it recited, and it recited as a fact the existence and record of another deed and the existence of the schedule of the bankrupt, both containing sufficient descriptions, and the general description in the deed itself purported to affect the land in question in that case. In Curdy v. Stafford, 88 Texas, 120, the description was held sufficient in itself. The appellees were shown to be innocent purchasers for value without notice, and their title, though junior, should prevail.

By the second assignment of error appellants complain of the refusal of the trial court to postpone the trial in order that appellants might procure the testimony of George Woolly, the alleged tenant of Kirby, and through whose possession appellees claimed the land by limitation. The pleas of limitation had been on file for a year at the date of the trial, and were notice to appellants that some proof would be offered to sustain the pleas. The fact that Woolly was on a part of the land is not controverted. It is plain that appellants had exercised no diligence to get the witness. The motion to postpone was addressed to the discretion of the trial court, and we can not say that it was abused.

By what appellants term their third assignment they seek to present a fundamental error. The matter complained of is the use of a wrong initial in the court's charge. The error was clerical, and could not have

misled the jury. If error, it is not fundamental, and the question can: not be raised here as appellant seeks to raise it, no assignment being found in the record assailing that part of the charge.

The remaining assignments need not be discussed in detail. They present no reversible error. Appellants having complained of no action of the trial court requiring a reversal of the judgment, it is in all things affirmed.

<div align="right">

*Affirmed.*