SOUTH TEXAS TELEPHONE COMPANY ET AL. v. H. E. HUNTINGTON ET AL.

No. 2127.   Decided May 3, June 23, 1911.

**1.—Contract—Forfeiture—Condition Subsequent.**

To constitute a condition subsequent upon which a forfeiture may be declared because of a failure in its performance, the language must be clear, and the condition must be created by express terms or by clear implication, and it must be strictly construed. If there be doubt as to the meaning of the language, it will be construed as a covenant rather than as a condition.   (P. 353.)

**2.—Same—Case Stated.**

The holder of a judgment secured by lien on the property of a corporation (a telephone company) which, on sale was bid in by trustees with view of reorganization, accepted in satisfaction of his claim bonds of the reorganized company, with agreement that the latter should invest $50,000, to be derived from sale of further bonds, in improvements and extensions of its system. Held, that this undertaking was to be construed as a covenant, and not as a condition of the adjustment made with the judgment creditor and that for failure to sell the bonds and make such investment, such creditor's remedy was an action for damages, and not a cancellation of the contract of adjustment and of the bonds issued to him, and reinstatement in a judgment and lien on the property for his original debt. (Pp. 351-354.)

ON MOTION FOR REHEARING.

**3.—Damages—Corporation—Bondholder—Agreement for Betterment.**

The damages recoverable by a bondholder for breach of an undertaking by the corporation to invest a certain sum, to be derived from sale of its bonds, in the betterment of its plant, is the decrease in the value of his bonds by such breach of contract. They could not, in any event, exceed the amount of the bonds held by him.   (P. 355.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

Huntington sued the telephone company and others and had judgment. Defendants appealed, and on affirmance obtained writ of error.

*Sleeper, Boynton & Kendall, Cochran & White and Fiset & McClendon,* for plaintiff in error.—The trial court committed error in not sustaining the motion of defendants, praying that judgment be rendered in favor of defendants and each of them. Worthington v. Northside Ry. Co., 88 Texas, 562. .

The trial court committed error in rendering judgment whereby

plaintiffs are given a first lien on the telephone line of the defendant company, formerly owned by the Lone Star Company, because such judgment is unsupported by any pleadings or evidence which would entitle plaintiffs to such lien. Hall v. Jackson, 3 Texas, 309; Mann v. Falcon, 25 Texas, 277; Nye v. Gribble, 70 Texas, 461.

The plaintiffs having shown by their petition that the contract between them and the bondholders' committee had been fully executed and performed by both parties; that plaintiffs had duly received the $35,000 in bonds which were to be delivered to them; and that the defendant telephone company had been organized as a new corporation and all of the telephone properties transferred to it, and the rights and relations of all parties had been changed in pursuance of the said contract; and there being no claim· of fraud or mistake or other ground for the rescission of said contract alleged, the court should have held that plaintiffs declared upon an executed contract and showed no right to rescind their bonds. Moore v. Cross, 87 Texas, 557; Mayer v. Swift, 73 Texas, 369; Railway v. Titterington, 84 Texas, 223; 24 Am. & Eng. Ency. of Law, 612, 619-622.

*Allen & Hart,* for defendants in error.—Even if the cause of action asserted by the plaintiffs should be treated as one for a rescission of the agreement or contract to take bonds of the South Texas Telephone Company, still the facts alleged were sufficient to entitle the plaintiffs to a cancellation and rescission of said agreement. Henderson v. Railroad Co., 17 Texas, 560; Greenwood v. Pierce, 58 Texas, 130.

The cause of action asserted in plaintiffs' petition was one for recovery of damages upon allegations showing the right to such recovery, and the demurrer was properly overruled. Henderson v. Railroad Co., 17 Texas, 560; Greenwood v. Pierce, 58 Texas, 130; Mayer v. Swift, 73 Texas, 369; Railway v. Titterington, 84 Texas, 223.

The court having held that the appellees were entitled to a rescission of the release, which constituted the agreement declared on, in order to place the parties in statu quo, it was necessary to recognize the lien of the appellees that existed at the time of the execution of the release. Mayer v. Swift, 73 Texas, 369; Railway Co. v. Titterington, 84 Texas, 223.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

In the year 1905 in the District Court of Travis County, Texas, H. E. Huntington recovered a judgment against the Commercial Telephone Company which established a lien in favor of Huntington upon all the property of the said Commercial Telephone Company to the amount of $35,000; that on August 1, 1905, under the order of the said court all of the said property was sold to J. H. Goeke and F. Bimel, as trustees, to hold for the benefit of a corporation thereafter to be organized, which sale was confirmed by the said District· Court on August 10, 1905, and the property duly conveyed to the trustees. Huntington and the said trustees made an agreement whereby the former agreed to accept $35,000 par value of the bonds of the company, which was to be organized to take over the

said property, said bonds to be secured by a first mortgage on the property and which was to be in full payment of the lien of said Huntington under the judgment against the Commercial Telephone Company. F. C. Smith was interested with Huntington in the $35,000 claim against the corporation.

The trustees proceeded to organize the South Texas Telephone Company and procured a charter therefor. It had been agreed and made a part of the decree rendered that the new company should issue bonds when organized not to exceed $150,000, $35,000 of the bonds to be delivered to Huntington as before stated and that $50,000 out of the proceeds of the remaining $115,000 should be converted into cash and put into extensions or additions to the property. The $50,000 in cash was not invested as agreed upon, but the remaining $115,000 of bonds were unsold. Huntington charged that the investment of $50,000 in cash in the betterment of said property was a condition upon which he made the agreement to accept the $35,000 of bonds in settlement of his claim and that the company had failed to make said investment, whereby the value of the bonds that he held had been greatly reduced to his damage. It was alleged that he feared that the officers of said telephone company would dispose of the bonds in such way as to prevent the enforcement of his rights, and he prayed for an injunction to restrain the president of the corporation and other officers from making any sale thereof. In so far as it may be material, the terms of these agreements and orders will be referred to in the discussion of the question presented herein. Upon the trial the court submitted to the jury the following special issues:

"1. Based upon all the facts and circumstances in evidence in this case, has the defendant, the South Texas Telephone Company, had a reasonable time from the 9th of September, A. D. 1905, to have issued and disposed of the $115,000 of its bonds for a reasonable amount?

"2. Did the defendant, South Texas Telephone Company, through its duly authorized officers, make a reasonable and proper effort to dispose of the $115,000 of its bonds for a reasonable amount?

"3. If you find from a preponderance of the evidence in this case that the defendant, the South Texas Telephone Company, did not dispose of said $115,000 of bonds within a reasonable time, and has made no reasonable or proper effort to dispose of the bonds for a reasonable amount, then state what would have been the value of the $35,000 of bonds belonging to the plaintiffs, had the said defendants' duly authorized officers disposed of said bonds and used $50,000 of the proceeds of the sale of said bonds in extensions and additions to the property of the defendant, the South Texas Telephone Company?

"4. Since the organization of the South Texas Telephone Company, do you find from the evidence that there has been a time when said $115,000 in bonds of said company could have been sold at par?

"5. As shown by the facts, do you find that there had been an opportunity since the organization of the defendant company and the authorization of the bond issue, when said bonds could have been sold for a price sufficient to net the company $50,000, over and

above the amount of the advancement made by and the amount due the bondholders' committee and assumed by the company?

"6. Since the organization of the defendant, South Texas Telephone Company, has there been a time when said $115,000 in bonds in said company could have been sold at a reasonable price? To which issues the jury returned the following answers, to wit:

"To Question No. 1: Yes.
"To Question No. 2: No.
"To Question No. 3: $46,666.66.
"To Question No. 4: No.
"To Question No. 5: No.
"To Question No. 6: No."

The defendants moved the court to enter judgment in their favor upon the verdict, which the court refused to do and entered judgment for the plaintiff against the telephone company for $46,666.66, also rescinding the contract, damages for the breach of which were sued for, canceling the bonds of Huntington and decreeing a lien in favor of the plaintiffs to secure the amount of said judgment upon the property known as the Lone Star property, and declaring said lien to be superior to all rights, claims and liens of any parties to said suit, and further providing that no execution issue on said judgment until the Huntington bonds be deposited in court to the order of the defendant company. The remittitur for $35,000 was entered and judgment was entered for the balance.

By the majority of the court the judgment of the District Court was affirmed, but Chief Justice Key dissented from that decision and filed an opinion in opposition thereto, in which he takes issue with the majority in holding that Huntington was entitled to a rescission of his contract and agreements by which he accepted the $35,000 in bonds, holding that the agreement was not entered into upon the condition that the $50,000 in cash should be invested in improvements of the property of said company.

To constitute a condition subsequent upon which a forfeiture may be declared because of a failure of its performance, the language must be clear and the condition must be created by express terms, or by clear implication, and it must be strictly construed. Southard v. New Jersey C. R. Co., 3 Dutch, 13-20. If there be doubt as to the meaning of the language used in this instrument, then it must be construed to be a covenant, for the law will not permit a liberal construction to be placed upon its terms in order to cause the forfeiture of a right secured by the instrument. Woodruff v. Woodruff, 1 L. R. A., 380; Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 222.

The language upon which the claim of forfeiture is based in this case reads: "It being understood as part of said agreement that the total issue of bonds of the reorganized company shall not exceed $150,000, of which at least $50,000 in cash is to be put into extensions or additions to the property." It will be difficult to deduce from this language, by the most liberal construction, a conclusion that there was in the minds of the parties at the time the intention that a failure

to make the investment of $50,000, as provided for, should work a forfeiture of all the terms of that agreement or contract. But when we apply to it the well established and just rules of construction that such condition must be either expressed or clearly implied, we see no ground whatever for the conclusion that this provision of investment for the $50,000 was to serve as a condition subsequent to the executed contract made by Huntington, and, therefore, we must reach the conclusion that the trustees, as a consideration for Huntington's acceptance of the $35,000, entered into a covenant with him that the telephone company should in the future sell the $115,000 in bonds and should invest $50,000 of the proceeds thereof in extensions and additions to the property. The breach of the covenant did not give a right to an action for rescission of the executed contract, but the remedy which the law gives to the parties under such circumstances is an action for damages. 6 Pomeroy's Equity Jurisprudence, sec. 686; Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 222; Moore v. Cross, 87 Texas, 557.

In different language we express the views of Chief Justice Key, of the Court of Civil Appeals, in which we concur. It follows that the judgments of the District Court and of the Court of Civil Appeals, by which the transaction between Huntington and the trustees for the new corporation was rescinded, must be reversed and the question arises, shall we remand the case to the District Court for another trial or shall we render judgment here in favor of the plaintiffs in error?

The trial court submitted to the jury special issues upon which they returned their answers and judgment was entered for the plaintiffs. Among other questions were the following:

"4. Since the organization of the South Texas Telephone Company do you find from the evidence that there has been a time when the said $115,000 in bonds of said company could have been sold at par?" To which the jury answered, "No."

"5. As shown by the facts, do you find that there has been an opportunity since the organization of the defendant company and the authorization of the bond issue when said bonds could have been sold for a price sufficient to net the company $50,000 over and above the amount of the advancements made by and the amount due the bondholders' committee and assumed by the company?" To which the jury answered, "No."

"6. Since the organization of the defendant, South Texas Telephone Company, has there been a time when said $115,000 in bonds of said company could have been sold at a reasonable price?" To which the jury answered, "No."

These findings of the jury show very clearly that under the evidence submitted to them their findings indicate that the company had not in any way made a wilful default, and, in fact, it shows that the company could not have complied with its promise to make the investment of $50,000 without a sacrifice of the interest of the company in the sale of the bonds, and, indeed, a sacrifice of the property. Besides, the whole subject of damages which might arise out of this transaction with Huntington is so vague and indefinite that we are

of opinion that the District Court should have entered judgment for the defendants upon the verdict returned. The covenant to invest the $50,000 designates no extensions nor betterment to be made and there is nothing in the contract by which it could be determined, hence no estimate of damages could be based upon a failure to do a thing that could not be ascertained. The finding of the jury of $46,666.66 damages for the failure to make the investment is palpably without any evidence to support it or any facts upon which to base a reasonable conclusion as to the effect of said failure upon the right of Huntington.

Under these conditions we see no sound reason .for returning this case to the trial court for further trial. It is therefore ordered that the judgments of the District Court and Court of Civil Appeals · be reversed and that judgment be here entered in favor of the defendants, the plaintiffs in error.

Filed May 3, 1911.  .

### ON MOTION FOR REHEARING.

Upon a consideration of this motion we have concluded to set aside the judgment rendered in this court and to remand the case for trial upon the issue of the right of the plaintiffs below to an injunction to restrain the sale of other bonds and also upon their claim for damages arising from a failure to invest the $50,000 in betterments of the plant. The damages, however, must be confined to the effect of that failure upon the market value of the bonds, such damages to be limited to the difference between the market value of the bonds without the investment and what would probably have been their · market value if the investment had been made, not to exceed their face value. The company can not be held for a sum greater than the face value of the bonds.

It is ordered that the judgment rendered be set aside and that the case be remanded for trial in accordance herewith.

Filed June 23, 1911.

*Reversed and remanded.*