## SOUTH TEXAS TELEPHONE CO. et al. v. HUNTINGTON et al.

(Supreme Court of Texas. June 23, 1911.)

CORPORATIONS (§ 573*) — REORGANIZATION AGREEMENTS—ACTIONS FOR BREACH—DAMAGES.

The holder of a judgment against a telephone corporation constituting a lien on its property agreed that the corporation should be reorganized, and that he should receive the amount of his judgment in bonds in the reorganized company, and that the bonds of the reorganized corporation should not exceed $150,000, of which at least $50,000 in cash should be put in extensions or additions to the property, but what extensions or additions were not designated. *Held*, that the reorganized corporation was liable in damages for its failure to comply with its promise only to the extent of the difference between the market value of the judgment creditors' bonds without the additional capital and what would have been their market value if the additional capital had been supplied; but the company cannot be liable for a sum in excess of the face value of the bonds.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2293–2296; Dec. Dig. § 573.*]

On motion for rehearing. Motion granted, and case reversed and remanded.

For former opinion, see 136 S. W. 1053.

BROWN, C. J. Upon a consideration of this motion, we have concluded to set aside the judgment rendered in this court, and to remand the case for trial upon the issue of the right of the plaintiffs below to an injunction to restrain the sale of other bonds and also upon their claim for damages arising from a failure to invest the $50,000 in betterments of the plant. The damages, however, must be confined to the effect of that failure upon the market value of the bonds; such damages to be limited to the difference between the market value of the bonds without the investment and what would probably have been their market value if the investment had been made, not to exceed their face value. The company cannot be held for a sum greater than the face value of the bonds.

It is ordered that the judgment rendered be set aside, and that the case be remanded for trial in accordance herewith.