**J. W. LINK, Jr., Appellant,**

**v.**

**TEXAS PHARMACAL COMPANY,**
**Appellee.**

**No. 12764.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1955.

Rehearing Denied March 16, 1955.

POPE, Justice.

This appeal concerns the construction of a deed upon condition subsequent. In 1926 Anna Simmang conveyed a tract of land to the San Antonio Baseball Club. By the same deed she also conveyed a second tract in fee, but provided that the fee should revert to her, as grantor, upon the occurrence of an express condition subsequent. Texas Pharmacal Company, appellee, is the successor to Anna Simmang's right of reversion upon condition subsequent and, as such, successfully urged in the trial court that the property had reverted. Appellant, J. W. Link, Jr., is the successor to the title owned by the San Antonio Baseball Club and, as such, urges that the trial court erred, because his title has not been forfeited and the express condition subsequent has never occurred. The case was tried without a jury, and the court filed findings of fact and conclusions of law. The accompanying illustrative plat presents the problem.

W. Pat Camp, San Antonio, Baker, Botts, Andrews & Shepherd, Wm. R. Choate, Houston, for appellant.

Mueller, Mueller, Grun & Legan, San Antonio, for appellee.

In 1926 Anna Simmang conveyed to the San Antonio Baseball Club, in fee, the large tract, designated A-6. By the same instrument, she also conveyed Lot D-6, which is the shaded area. The conveyance to Lot D-6 was in fee upon condition subsequent, the wording of which is the matter for construction. The grantor owned, but did not convey, Lots E-6, F-6, G-6 and H-6. The pertinent portions of the deed are as follows:

"1st: (Here follows a lengthy description by metes and bounds of the large lot designated on the plat as A-6) * * * and being the property *known as* the baseball park of the San Antonio Baseball Club.

"2nd. (Here follows a detailed description of Lot D-6, which is the shaded area on the plat) * * * provided, however, that this tract of land shall remain open and unobstructed as it now is, and remain *an* as entrance to the San Antonio Baseball Club Park, and as an easement for the use and benefit of grantor's adjoining property and for the purpose of giving ingress and egress over and upon the lot or parcel of land herein conveyed, which said easement shall run with said adjoining property of the grantor on the east, and shall remain in force until the same is released by the owner of the adjoining property on the east, which is now owned by the grantor.

"It is agreed that should the grantee or its assigns fail and refuse to keep said lot, street or parcel of land open and unobstructed and as an entrance to the baseball park (unless the easement shall have been released, as above provided), and after having thirty days written notice thereof requesting a compliance with the terms and conditions of paragraph '2nd' of description of properties, then in said event, the title to the same lot or strip of land shall revert to and become the property of Anna Simmang, her heirs and assigns in fee simple."

After the delivery of the deed, the grantee, San Antonio Baseball Club, erected a baseball stadium on Lot A-6, and used Lot D-6 as an entrance to the baseball park. In 1932, the stadium burned and Lot A-6 was never again used as a baseball park. Appellee, Texas Pharmacal Company, as successor to Anna Simmang's reversionary rights, claims that the deed to Lot D-6 was on condition that Lot A-6 was used as a baseball park, and since the condition is broken, the fee to Lot D-6 has reverted to it. The trial court found as facts, that the written notice, required by the deed, was given in 1951, but that as early as 1936, Anna Simmang made an actual re-entry with intent to accomplish and did accomplish the reversion of the fee simple title to her. The trial court found that Anna Simmang's tenants and assigns used Lot D-6, from about 1936 until 1951, for the maintenance of a nursery and as area for customers of the nursery to drive and park their cars, and that the use amounted to a re-entry which effected a forfeiture. The court found also that since 1947, Lot D-6 has been used daily as an entrance for ingress and egress to Lot A-6, by the successor of the San Antonio Baseball Club. Appellee, Texas Pharmacal Company, is using the lot as a parking area for vehicles belonging to its employees. The trial court did not find that the easement was not kept open and unobstructed and did not ground the judgment on such a premise.

The trial court's judgment is grounded on the point that the condition subsequent occurred upon cessation of use of Lot A-6 as a baseball park, which caused a reverter after notice or actual entry equivalent to notice. The force of the judgment is to cause Lot D-6 to revert to appellee on the strength of the condition subsequent, which the court construed to mean the continued maintenance of a baseball park on Lot A-6.

The judgment should be reversed and rendered. We need look no further than the deed to arrive at this conclusion, for it tells us what the grantor intended in 1926 by the phrase, "baseball park." Its meaning is important, since the express condition subsequent required the grantee

to keep Lot D-6 "open and unobstructed and as an entrance to the baseball park." The deed, in the first paragraph of the description, carefully described a large tract of land by metes and bounds, and after doing so, and as a part of the same description, went on to give the lengthy description a short-hand name by stating, "and being the property known as the baseball park of the San Antonio Baseball Club." Instead of repeating the lengthy legal description in the forfeiture clause, it adopted the practical description "baseball park." The deed had already stated that they were the same and equivalent to each other. It was property and not function that was being detailed.

This is further supported by the grantor's choice of words in the forfeiture clause, when she stated that the approach to the large tract should be open and unobstructed and remain as an entrance to *the* baseball park. Had she stated that it must be kept open and unobstructed and as an entrance to *a* baseball park, there may have been reason to believe she meant to convey the fee to the street approach (Lot D-6) "as long as" Lot A-6 was used for baseball purposes.

The grantor intended to reserve an easement for the benefit of her property, which adjoined Lot D-6 on the east. Appellee's right to such an easement is not challenged. But when we come to the construction of the forfeiture clause, we think that "baseball park" is best understood from what the grantor herself said she meant in the deed.

 Forfeitures are not favored by our laws. Henshaw v. Texas Natural Resources Foundation, 147 Tex. 436, 216 S.W.2d 566, 570, states: "If the terms of a contract are fairly susceptible of an interpretation which will prevent a forfeiture, they will be so construed." Automobile Ins. Co. v. Teague, Tex.Com.App., 37 S.W.2d 151, 153, states: "The courts will not declare a forfeiture, unless they are compelled to do so, by language which will admit of but one construction, and

that construction is such as compels a forfeiture." Though courts have frequently enforced conditions subsequent, the rule stated above has consistently been followed, unless the instrument clearly and expressly requires a forfeiture. State v. Balli, 144 Tex. 195, 190 S.W.2d 71; Knight v. Chicago Corporation, 144 Tex. 98, 188 S.W.2d 564; Settegast v. Foley Bros. Dry Goods, 114 Tex. 452, 270 S.W. 1014; South Texas Telephone Co. v. Huntington, 104 Tex. 350, 136 S.W. 1053, 138 S.W. 381.

 Forfeiture clauses fail in the event they are ambiguously expressed. As stated in Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385, 386: "If the provision is ambiguous, that alone condemns it as a forfeiture provision. A forfeiture should rest upon surer ground. * * * The authority to forfeit a vested right or estate should not rest in provisions whose meaning is uncertain and obscure. It should be found only in language which is plain and clear, whose unequivocal character may render its exercise fair and rightful." See also, Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Benavides v. Hunt, 79 Tex. 383, 392, 15 S.W. 396.

 Forfeiture provisions are strictly construed against the grantor. Stevens v. Galveston, H. & S. A. Ry. Co., Tex.Com. App., 212 S.W. 639. When the language of a deed presents a doubt as to its construction, the doubt is resolved against the grantor, Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551, and in favor of the grantee. Cartwright v. Trueblood, 90 Tex. 535, 538, 39 S.W. 930, 931.

 Had the grantor intended to condition her fee conveyance upon the continued use of Lot A-6 as a baseball park only, it would have been quite easy to have so stated. The deed, on the contrary, shows that the grantor reserved an easement to benefit her adjoining property, and that she conditioned the deed only upon the easement's being kept open and unobstructed.

These and other general rules aid courts in construing and understanding instruments, but the instrument in the present suit, when read in conjunction with the express meaning assigned to the phrase "baseball park," is neither ambiguous nor doubtful. The phrase describes property rather than restricts usage. That construction, in our opinion is not merely a reasonable construction, it is the only construction.

The judgment is reversed and rendered that appellant, J. W. Link, Jr., is the owner of the fee simple title to Lot D-6, subject to the easement reserved and the condition subsequent stated in the deed from Anna Simmang to the San Antonio Baseball Club, dated June 15, 1926.