Right of Way Oil Company et al. v. Gladys City Oil, Gas  .  & Manufacturing Company et al.

No. 2306.  Decided June 11, 1913.

1.—Railways—Right of Way—Conveyance.

By article 4473, Rev. Stats., 1895, it is provided: "The right of way secured or to be secured to any railroad company in this State, in the manner provided by law, shall not be construed to include the fee simple estate in lands." The "manner provided by law" is either by agreement with the owner or by condemnation (Rev. Stats., 1895, arts. 4445, 4446, 4447). A

conveyance by the owner of the right of way does not confer a fee simple title, but merely an easement and facilities for its use.    Calcasieu Lumb. Co. v. Harris, 77 Texas, 23, followed.    (Pp. 101, 102.)

**2.—Same.**

Land to be used as a right of way may be conveyed in fee; therefore, the character of the title conveyed must be determined by the words used and the attending facts and circumstances.    (P. 102.)

**3.—Deed—Construction.**

The rule that the language of a deed should be given the construction most favorable to the grantee, is questioned as to its application to the facts in this case, but conceded for sake of the argument.    (P. 103.)

**4.—Same—Words Ejusdem Generis.**

General words following particular words in a deed will not be construed to include any of a class superior to that to which the particular words belong.   Thus, in a deed conveying to a railway company "for the purpose of constructing, operating and maintaining its railroad, the right of way, two hundred feet in width, over and upon the above described tract of land, together with the right to take and use all the timber, earth, stone, and mineral existing or that may be found within the right of way hereby granted," the word "mineral" should be applied to the same class as those preceding; that is, such as may be found upon or near the surface, and not held to include the superior class of mineral oil, which is to be found at greater depth and is of much greater value.    (P. 103.)

**5.—Same—Purpose of Grant.**

The expressed intent of a conveyance of right of way: "for the purpose of constructing, operating and maintaining its railroad," indicates that, in the grant of "the right to take and use all the timber, earth, stone, and mineral" to be found within it, the "mineral" meant was of the same class as the timber, earth and stone; that is, such as was of use in the construction of the railway, and would not include petroleum oil.    (P. 103.)

**6.—Railway—Petroleum Mined on Right of Way.**

A railway company and those claiming under its rights were liable to the owner of the fee for the value of petroleum secured by boring oil wells on its right of way.    (P. 103.)

**7.—Same—Trespass—Measure of Damages—Cost of Producing.**

A trespasser who mines and markets minerals, such as petroleum oil, from the lands of another, is liable to the owner for the value of the article at the surface after being mined; and can deduct therefrom the cost of developing and mining it only when he has acted in good faith, and on the same principle as the case of one making improvements on another's land.    (Pp. 103, 104.)

**8.—Same—Burden of Proof.**

The trespasser desiring to abate the damages recoverable by the owner of land, for minerals mined therefrom, has the burden of pleading his own good faith and innocence of intentional wrong; and also of showing the cost of developing and mining the product, for which he claims deduction from its market value at the surface.    (Pp. 103, 104.)

Error to the Court of Civil Appeals, First District, in an appeal from Jefferson County.

The Gladys City Oil, Gas & Manufacturing Company and another sued the Right of Way Oil Company and others.   They appealed from

a judgment for defendants, and the latter obtained writ of error when the judgment was reversed and rendered for appellants.

*Baker, Botts, Parker & Garwood, Wear, Orgain & Butler, W. D. Gordon,* and *Oswald S. Parker,* for plaintiffs in error.—The Honorable Court of Civil Appeals erred, to the prejudice of appellees, in sustaining the first assignment of error of appellants, and in holding, in effect, that the deed from S. H. Veatch to East Texas Railway Company set out in that court's findings of fact, on page 7 of its opinion, granted merely a right of way for railroad purposes, and did not convey any right to take and use oil or other minerals within said right of way and beneath its surface, and in the adoption and application of the principles of law upon which such conclusion is based.   On definition of "mineral": Marvel v. Merritt, 16 U. S., 11; Williamson v. South Pa. Oil Co., 52 W. Va., 181; Murray v. Allard, 100 Tenn., 100; 2 Rap. & L. Law Dic., 821; 15 Am. & Eng. Enc. of Law, 500; State v. Parker, 61 Texas, 265. On principles of construction:   Canterberry v. Miller, 76 Ill., 357; Benjamin v. McConnell, 4 Gilm., 436; Hoyt v. Ketcham, 54 Conn., 62; Dwight v. Germania L. Ins. Co., 103 N. Y., 347; Hutchins v. Ulrich, 30 Conn., 587; Abbott v. Curran, 98 N. Y., 665; Olcott v. Gabert, 86 Texas, 121; New Point Lodge v. Newport, 138 Ind., 141; Heaston v. Board of Comrs., 20 Ind., 402; Board of Supervisors v. Patterson, 56 Ill., 111; Vail v. Long Island R. R. Co., 106 N. Y., 283; McKelway v. Seymour, 29 N. J. L., 321; Pipe Line Co. v. Delaware, 4 Atl., 759; Tinker v. Forbes, 136 Ill., 221; Brown v. Chicago & N. W. R. R. Co., 44 L. R. A., 587; Gage v. Cameron, 212 Ill., 146; Bishop on Cont., sec. 384; Misch v. Russell, 136 Ill., 22; 13 Cyc., 609; Adams v. Warner, 23 Vt., 395.

The Court of Civil Appeals erred in rendering, as also in refusing to set aside on rehearing, judgment against appellees (plaintiffs in error here) for the full value of the oil extracted, without deduction of expenses incurred in bringing same to the surface, or otherwise limiting the measure of recoverable damages to value of the oil in the ground— inasmuch as appellees have acted under consistent claim of right. *Mala fides* can not be attributed to them.   They are not wilful tres- passers, and this the Honorable Court of Civil Appeals "quite readily" concedes and finds as an undisputed, self-evident fact.   Grayson v. Brooks, 64 Miss., 410; Railway Co. v. Godair, 3 Texas Civ. App., 516; Railway Co. v. Goodman, 43 S. W., 583; Dyke v. Natl. Transit Co., 49 N. Y. S., 180; Bender v. Brooks, 127 S. W., 170.

Defendants in error having expressly pleaded that plaintiffs in error took the oil under a claim of right and having pleaded and proved the costs and expenses of bringing it to the surface, are limited in their recovery to the value of the oil, less such costs and expenses.   Same authorities.

*D. Edward Greer, Chenault O'Brien,* and *George Chilton,* for defend- ants in error.—Where the grantor in a deed, in consideration of the

benefits to accrue to him by the building and operating of a railway across his land, conveys a right of way to a railway company "for the purpose of operating and maintaining its railroad," and such deed contains this provision: "together with the right to take and use all the timber, earth, stone and mineral existing, or that may be found within the right of way hereby granted," and has habendum clause as follows: "To have and to hold, so long as the same, or any part thereof, may be occupied for the purpose of constructing, operating or maintaining its railway"—such deed conveys only a right of way or easement over the land, and passes the right to use such surface minerals only as would be useful in constructing and maintaining the railway, and does not confer any right on the railway to mine for oil or minerals under the surface; and especially would such deed not pass any right to fluid minerals such as oil or gas, which could not be used in constructing and maintaining a railway. Rev. Stats., art. 4206; O'Neal v. City of Sherman, 77 Texas, 182; Calcasieu Lumber Co. v. Harris, 77 Texas, 21; Lyon v. McDonald, 78 Texas, 71; Muhle v. Railway Co., 86 Texas, 461; Couch v. Railroad Co., 99 Texas, 468; Olive S. & Co. v. Sabine & E. T. Ry. Co., 11 Texas Civ. App., 208; Clutor v. Davis, 62 S. W., 1107, 25 Texas Civ. App., 532; 23 Am. & Eng. Enc. of Law, 702-703; 2 Elliott on Railroads, sec. 938; Uhl v. Railway Co., 41 S. E., 340; Lockwood v. Railway Co., 43 C. C. A., 402; Blakeley v. Railway Co., 64 N. W., 972; Railroad Co. v. Frost, 147 Mass., 118; Stuyvesant v. Woodruff, 21 N. J. Law, 136; Williams v. Railway Co., 50 Wis., 76; Arnold v. Wolfe, 126 Ill., 542; Nashville, etc., R. R. Co. v. Karthaus, 40 So., 791; Vermillya v. Chicago, etc., Ry. Co., 66 Iowa, 606; Smith v. Holloway, 23 N. E., 886; Dubuque v. Benson, 23 Iowa, 248; Hamby v. Dawson Springs, 31 Ky. Law, 814; Wright v. Alvin, 143 Cal., 236; District of Columbia v. Robinson, 180 U. S., 92; Roberts v. Sadler, 104 N. Y., 229; Rich v. Minneapolis, 37 Minn., 423; Smith v. Rome, 19 Ga., 89; Vilisky v. Minneapolis, 40 Minn., 304; Leadville v. Coronado Mining Co., 37 Col., 234; Leadville v. Mining Co., 86 Pac., 1038; Armstrong v. Lake C. Granite Co., 147 N. Y., 495.

Where a deed is shown to have been prepared by the grantee, and is on a printed form used by the grantee, in securing rights of way for a railroad, the ordinary rule in construing deeds, that the same will be construed to pass the greatest estate that the language is susceptible of, to the grantee, does not obtain. Farley v. Deslonde, 69 Texas, 461; Johnson v. Morton, 67 S. W., 797; Simonton v. White, 93 Texas, 54; Hancock v. Butler, 21 Texas, 806; Riesen v. Brown, 73 Texas, 141; Smith v. Westfall, 76 Texas, 511; Pugh v. Mayes, 60 Texas, 192; Calder v. Davidson, 59 S. W., 302; Armstrong v. Lake C. Granite Co., 147 N. Y., 495; Peterson v. Machado, 43 Pac., 611; Dunn v. Short & Kirkpatrick, 101 Pa. St., 36.

Where a deed, or instrument of writing of any kind, makes use, first, of terms which are evidently confined and limited to a particular class of a known species of things, and then, after such specific enumeration,

subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when thus used embraces only things ejusdem generis, that is, of the same kind or species with those comprehended by the preceding limited and confined term. Ex parte Leland, 1 Knott & McC. (S. C.), 460; Stafford v. People, 172 Ill., 40; Benton v. Benton, 63 N. H., 289; Endlich on Interpretation of Statutes, sec. 400.

The following authorities will clearly demonstrate this proposition—that a railroad company, having only a right of way over a tract of land, has no right to drill for oil or make a lease and allow its lessee to drill for oil on the right of way:  Lyon v. McDonald, 78 Texas, 71; O'Neal v. City of Sherman, 77 Texas, 182; Calcasieu Lumber Co. v. Harris, 77 Texas, 22; Muhle v. Railway Co., 86 Texas, 461; Clutter v. Davis, 62 S. W., 1107; Railway Co. v. Richards, 11 Texas Civ. App., 95; Couch v. Railway Co., 99 Texas, 468; 23 Enc. of Law, 702, 703; Cincinnati, etc., R. R. Co. v. Geisel, 119 Ind., 77; Brown v. Young, 69 Iowa, 625; Blakeley v. Railroad Co., 46 Neb., 272; Uhl v. Railroad Co., 41 S. E., 340; Douglas v. Thomas, 103 Ind., 187; Elliott on Railroads, vol. 3, sec. 938, and numerous cases cited; Blakely v. Railway Co., 64 N. W., 972; Railroad Co. v. Frost, 147 Mass., 118; Uhl v. Railway Co., 41 S. E., 340; Lockwood v. Railway Co., 43 C. C. A., 202; Stuyvesant v. Woodruff, 21 N. J. Law, 136; Williams v. Railway Co., 50 Wis., 76; Arnold v. Wolfe, 126 Ill., 542.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This statement will be sufficient for the decision of the questions submitted to this court.

The plaintiffs in error are the Right of Way Oil Company, the Texas & New Orleans Railroad Company and Oswald S. Parker, trustee.   The Gladys City Oil, Gas & Manufacturing Company, the J. M. Guffey Petroleum Company, and the Gulf Pipe Line Company are defendants in error.

We copy from the well prepared application for writ of error the following clear and comprehensive statement of the case:

"This suit was filed in the District Court of Jefferson County, Texas, November 24, 1909, by the Gladys City Oil, Gas & Manufacturing Company and J. M. Guffey Petroleum Company, as plaintiffs, against the Right of Way Oil Company, Texas & New Orleans Railroad Company, the Gulf Pipe Line Company, and Oswald S. Parker, trustee, being a suit by plaintiffs to establish their ownership and right of possession of a tract of land part of the John A. Veatch survey in Jefferson County, Texas, and for the title and possession of all oil produced therefrom, and for an injunction restraining the defendants, Texas & New Orleans Railroad Company, Right of Way Oil Company, and Oswald S. Parker, trustee, from drilling oil wells on said land and taking oil therefrom, and from asserting any right or claim thereto, and against the Gulf Pipe Line Company for the oil taken from said land by the other defendants and by them run into its pipe line.   Pleadings of the parties

are voluminous, and are contained in transcript, pages 2 to 40, inclusive, but it was alleged by both plaintiffs and defendants below, and admitted, that defendants below, plaintiffs in error here, held under a deed from S. H. Veatch to the East Texas Railway Company, the Texas & New Orleans Railroad Company having succeeded to the title conveyed by said deed to the East Texas Railway Company, and having made an operating contract for the developing of oil on the tract of land conveyed by said deed with Oswald S. Parker, trustee, and the Right of Way Oil Company having developed oil upon said land under the assignment of said operating contract. The effect of said deed is controlling in the case, plaintiffs in error contending that, under said deed, they have the right to develop, take and use oil from the strip of land described in said deed, and defendants in error contending that no such right exists, but that the title and right to said oil is in them. The facts, as well as the pleadings, are quite fully stated in the opinion filed herein by the Court of Civil Appeals, and will not be restated here; however, the case depending upon the meaning of the deed from S. H. Veatch to the East Texas Railway Company, we deem it proper to set same out in full, same being as follows:

"State of Texas,
Sabine County.

"Know all men by these presents: That I, being the owner in fee of the following described tract of land, lying in Jefferson County, Texas, towit:

"An equal undivided one-third of a tract of land containing 19,481,003 square varas, originally granted and titled by the government of Mexico to John A. Veatch as a colonist of Zavalla's Colony, near a place called Sour Springs, in said county, and lying between the J. W. Bullock and Pelham Humphries league surveys, except 177 acres in the N. W. corner of said Veatch survey heretofore conveyed by my father, John A. Veatch.

"For the consideration of one dollar to me in hand paid, and the further consideration of the benefits and advantages that will accrue to me by the construction of a railway over said tract of land, have and do hereby grant, sell and convey unto the East Texas Railway Company, for the purpose of constructing, operating and maintaining its railroad, the right of way, two hundred feet in width, over and upon the above described tract of land; together with the right to take and use all the timber, earth, stone and mineral existing or that may be found within the right of way hereby granted.

"To have and to hold to said East Texas Railway Company and its successors, so long as the same or any part thereof may be occupied and used for the purpose of constructing, operating or maintaining its said railway.

"In witness whereof, I hereby sign my name, the 29th day of July, 1881.                                                    S. H. Veatch.

"Witness, James B. Nerrew.   (Acknowledgment follows.)

"Trial was had before the court without a jury, and judgment rendered on January 12, 1910, in the District Court of Jefferson County in favor of the defendants, who are plaintiffs in error here, quieting them in their title and possession of the 200-foot right of way strip of land described in the above deed in accordance with the terms thereof, and establishing their right to take and appropriate all of the minerals, including oil extracted therefrom, etc.   (Tr., pp. 40 to 42.)   Plaintiffs in the court below appealed to, and the judgment of the trial court was reversed by the Court of Civil Appeals for the First Supreme Judicial District at Galveston, and judgment therein rendered, as set forth on pages 25 to 26 in the opinion of the Court of Civil Appeals, as follows, towit:

" 'First, that the Texas & New Orleans Railway Company have a right of way across the Veatch survey of 100 feet in width, except that part thereof through the Gladys City tract, as to which it has a right of way 200 feet in width.

" 'Second, that the Gladys City Oil, Gas & Manufacturing Company has the fee simple title to this land, subject to the easement, as aforesaid, of the Texas & New Orleans Railway Company, so long as the same may be used by it as and for railway purposes.

" 'Third, that the Texas & New Orleans Railway Company has no right to the oil or other minerals beneath the surface of said strip comprising its right of way as aforesaid, nor to sink wells and extract the same, but that such oil is the property of the Gladys City Oil, Gas & Manufacturing Company, and of its lessee, the J. M. Guffey Petroleum Company.

" 'Fourth, that the said Gladys City Oil, Gas & Manufacturing Company and the said J. M. Guffey Petroleum Company have no right to go upon said right of way and occupy the same, for the purpose of sinking wells and extracting the oil.

" 'Fifth, that the said appellants recover of the appellees the value as found by the trial court of the oil extracted by the Right of Way Oil Company through the well bored by it on the right of way aforesaid; and

" 'Sixth, that the Gulf Pipe Line Company have judgment over against the Right of Way Oil Company for whatever amount it may be required to pay under judgment against it.

" 'Let the judgment be so entered.

" 'Reversed and rendered.

" '(Signed)        Reese, Associate Justice.'

"Motion for a rehearing was duly filed in said court by the appellees therein, who are plaintiffs in error here, which motion was overruled by said Court of Civil Appeals, on, towit, May 4, 1911.

"FIRST GROUND OF ERROR.

"The Honorable Court of Civil Appeals erred, to the prejudice of appellees, in sustaining the first assignment of error of appellants, and

in holding, in effect, that the deed from S. H. Veatch to the East Texas Railway Company set out in that court's findings of fact, on page 7 of its opinion, granted merely a right of way for railroad purposes, and did not convey any right to take and use oil or other minerals within said right of way and beneath its surface, and in the adoption and application of the principles of law upon which such conclusion is based, same being the principal issue in this case, and embodied particularly in that part of said court's opinion found on pages 12 to 19, inclusive."

The following articles of the Revised Statutes of 1895 are in these words:

"Art. 4445.   If any railroad corporation shall at any time be unable to agree with the owner for the purchase of any real estate or the material thereon required for the purposes of its incorporation or the transaction of its business, for its depots, station buildings, machine and repair shops, or for the right of way, or any other lawful purpose connected with or necessary to the building, operating or running its road, such corporation may acquire such property in the manner provided in this chapter."

"Art. 4446.   No railroad company shall enter upon, except for a lineal survey, any real estate whatever, the same being private property, for the purpose of taking and condemning the same or any material thereon, for any purpose whatever, until the said company shall agree with and pay the owner thereof all damages that may be caused to the lands and property of said owner by the condemnation of said real estate and property, and by the construction of such road."

Article 4447 provides the procedure for condemnation. It will be seen, however, that the initiative is placed upon the corporation and the manner prescribed by law is an agreement with the owner, which necessarily means that the law requires the corporation to proceed by offer to agree upon and pay the damages, and if the parties can not agree, then condemnation may be resorted to.

We copy article 4473.

"The right of way secured or to be secured to any railroad company in this State, in the manner provided by law, shall not be so construed as to include the fee simple estate in lands, either public or private, nor shall the same be lost by the forfeiture or expiration of the charter, but shall remain subject to an extension of the charter or the grant of a new charter over the same way without a new condemnation."

"The manner provided by law" is either by agreement with the owner or condemnation, therefore, if the owner by agreement conveys the *"right of way,"* it is secured to the railroad company in the manner provided by law and will be governed by the statute, and can not be construed to confer a fee simple title to the land.

There are but these questions presented: (1)  Did the deed convey to the railroad company the oil beneath the surface? (2)  If plaintiff is entitled to recover for the oil taken from the ground, did the court err in giving judgment for the value of the oil after it was delivered from the well, or should the cost of producing it have been deducted?

The granting clause of the deed reads, "have and do hereby grant, sell and convey unto the East Texas Railway Company, for the purpose of constructing, operating and maintaining its railroad, the right of way, two hundred feet in width, over and upon the above described tract of land." The interest granted in the land is the *right of way*. What right did the railroad company acquire? As we have seen, by the use of the terms, right of way, a grant of the right of way, the company did not acquire the fee in the land. It got but an easement, which would have been the effect of the deed independently of article 4473, copied above. In Calcasieu Lumber Co. v. Harris, 77 Texas, 23, 13 S. W., 455, this court said: "When, therefore, the railroad company under its charter and the promoter of the private railroad under the Act of 1832 were authorized to take private property for the use of their roads, the rights they acquired were a right of way and facilities necessary to the efficient use of that right. They were not empowered to use the exclusive right of way granted to each for any other independent purpose than that for which it was granted. The fee remained in the private owner, and outside of the authorized use, which must be public or incidental to the public use, the proprietary right is in the original owner." . . . "The words 'right of way,' if not defined, are expressive of the very nature of the right ordinarily held by railway companies in the lands over which their roads run—a right to use the land only for railway purposes—an easement." The extract clearly defines the term *right of way*, which is but an easement in the land. The authorities are unanimous on this proposition. 3 Elliott on R. R., sec. 938; Stuyvesant v. Woodruff, 21 N. J. L., 133; 57 Am. Dec., 156; Olive v. Sabine & E. T. Ry. Co., 11 Texas Civ. App., 208, 33 S. W., 139. All authorities agree that the grant of a "right of way" confers only an easement in the land. But land to be used as a right of way may be conveyed in fee, therefore the character of the title conveyed must be determined by the words used and the attending facts and circumstances.

Under article 6484, Revised Statutes, 1911 (art. 4425, Rev. Stats., 1895), a railroad company might appropriate for right of way not exceeding two hundred feet in width, of any tract of land, and might appropriate the timber, earth, stone or other materials on adjoining lands. The same effect is given by the statute whether the land be condemned or conveyed by deed and in neither case is the "right of way" over the land to be so construed as to secure the fee simple estate in the lands either "public or private." Art. 6532, Rev. Stats., 1911. Thus it is by statute declared that the railroad company by condemnation could have acquired all that this deed expresses, except what might be derived from the word "mineral." It is significant and tends to show that the deed was intended to take the place and have the effect of condemnation conferring the same rights under like limitations. The term "right of way" has a definite meaning which is clearly expressed by Chief Justice Stayton in Calcasieu Lumber Co. v. Harris, supra.

If the word "mineral" be omitted from the deed, there could be no doubt that it vested in the railroad company only an easement which

would not include the mineral oil beneath the surface. We must, therefore, inquire as to the proper construction of the clause with that word in its connection with the other language. The intention of the grantor must prevail, for which we must seek in the language used by him, with any light which may be shed upon the terms used by a full consideration of the entire transaction as shown by the attending facts, giving to the language the construction most favorable to the grantee. We concede this in the present case for the sake of this argument, but we are doubtful of the correctness of its application under the facts in this record.

The rule of construction, "ejusdem generis," is thus stated: "General words following particular words will not include things of a superior class." There is this further restriction of general words following particular words, that the general words will not include any of a class superior to that to which the particular words belong.

The sole reliance of the railroad company and the defendant in error for title to the oil is in the use of the words, "and mineral." The particular words, "timber, earth, stone," designate the most common minerals, and are followed by the general word, "mineral," and the latter word should be applied to the same class, that is, such as may be found upon or near the surface, as gravel and the like. It is contrary to all precedent to give it the effect to include the superior class, "mineral oil," which is to be found at great depth and is of much greater value.

That construction is made more certain by the purpose for which the grant was made, which is thus expressed: "For the purpose of constructing, operating and maintaining its railroad, the right of way, two hundred feet in width, over and upon the above described tract of land; together with the right to take and use all the timber, earth, stone and mineral existing or that may be found within the right of way hereby granted." The "timber, earth and stone" would be useful in constructing, operating and maintaining the railroad, and the "mineral" being given for the same purpose, must be construed to include only the same class, and can not possibly mean petroleum oil.

We conclude that the Court of Civil Appeals properly rendered judgment for the Gladys City Oil, Gas & Manufacturing Company.

It is claimed by the plaintiffs in error that the burden was upon the plaintiffs to prove the cost of bringing the oil to the surface in order to establish the sum for which they were entitled to judgment. This is an ingenious argument, but not sound. If it were the law that the plaintiff in such case was entitled to recover only the value of the oil less the cost of producing it there would be more force in the contention. But the law is that the owner of the soil owned the oil beneath the surface as a part of the land and his title was made more definite when the oil was lifted to the surface. Bender v. Brooks, 103 Texas, 327, 127 S. W., 168; Ann. Cases, 1913 A., 559.

If, however, the person who produced the oil acted in good faith, he would be entitled to have deducted the cost of bringing it to the surface and to the market. The contention of plaintiff in error is in effect that the owner must concede the good faith of the trespasser and prove

that which is known only to his adversary, the cost of producing the oil. The contention is unsound. In the case cited above this court said:

"The law will determine the rights of the parties, but equity will adjust the account between them upon the doctrine which applies to innocent purchasers in good faith who make improvements upon land which adds to its value. The owner gets his property and the innocent occupant is remunerated for his labor and money expended in making the improvements."

There was neither pleading nor evidence to authorize the court to deduct the cost of bringing the oil to market, therefore the Court of Civil Appeals did not err in rendering judgment for the sum that defendant received by the sale of the oil, and the judgment of the Court of Civil Appeals is affirmed.