

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Honoreble I. Predecki
County Auditor
Galveston, Texas

Dear Sir:

Opinion No. O-629
Re: Can the County Commission-
ers' Court provide a tax levy on
the permanent improvement fund or
any other fund for the construction
and maintenance of drainage ditches?

Your letter requesting our opinion on the above ques-
tion has been received.

The facts stated by you in your letter are substan-
tially as follows:

That during the year 1909 there were established three
drainage districts in Galveston County, all three of which
issued bonds and which have long since been redeemed and can-
celled. Also, all districts have annually requested and there
has been levied a maintenance tax.

An effort is being made at this time to abolish these
three districts and the Commissioners' Court in connection
therewith is now considering county-wide drainage and mainte-
nance, and it has been proposed to levy a tax for construction
and maintenance of drainage ditches.

It is a basic principle of any kind of taxation, whethe
general or by means of special assesament, that those should
pay who are benefited. Accordingly, the costs must be borne
by those who are benefited. General taxation of those who live
within the district may be resorted to, or, as is frequently

done, assessment of benefits to particular tracts of land may be laid upon an acreage basis, and constituted a first lien upon the lands subject only to state and county taxes.

We are of the opinion that a tax levy can not properly be made against the permanent improvement fund for this purpose. Under the rule of statutory and constitutional construction, known as the doctrine of ejusdem generis, general words following an enumeration of particular or specific things will be confined to things of the same kind. 39 Tex. Juris Prudence, 202; R of W Oil Company vs. Gladys City O. G & M. Company, 106 Tex. 94. Under Article 8, Section 9, of the Constitution, taxes for the permanent improvement fund of Galveston County, as well as all other counties in this State, are levied and collected for the purpose "erecting and constructing buildings, streets, sewers, waterworks and other permanent improvements", and we are of the opinion that the purposes of a drainage system do not come within the above enumerated restrictions.

The general fund, in our opinion, is the only fund against which a tax for that purpose could possibly be levied and then only after the purpose has been determined to be one of benefit generally to the county as a whole, and under the facts stated in your letter we construe the benefit of such a tax to be in favor of only those who reside or own property in the area contiguous to the drainage system. Accordingly, under the circumstances, we do not think a levy can properly be made against this fund for such a purpose.

Hence, this department's opinion is that the Commissioners' Court is without authority to levy a tax for the construction and maintenance of a drainage system for reclamation purposes in any manner other than that provided in Chapte 40, page 78 of the Acts of 1907, Thirtieth Legislature, and Chapter 118, page 245 of the Acts of 1911, Thirty-second Legislature, Regular Session, carried forward into Vernon's Annotated Statutes as Article 8097, et seq. These laws contemplated the need for proper drainage for reclamation purposes such as are now being considered by your county and recognized

the inadequacy of the then existing laws for such purposes. The emergency clause of each of the above cited laws indicated that because of the inadequacy of the law at that time, the passage of said Acts constituted an emergency and an imperative necessity that said Acts be effective from and after their passage.

In our opinion, these laws were intended to supply the deficiency under the old law and now provide the only method by which a county could undertake county-wide drainage and maintenance.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Clarence E. Crowe_
Clarence E. Crowe
Assistant

CEC-a

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS