

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~JOHN REEVE STANFORD~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

March 27, 1939

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Mr. Foreman:

Opinion No. 0-37
Re: Legality of expenditures
from County Permanent Im-
provement Fund for Pre-
organization expense of a Wa-
ter Control and Improvement
District

We have your letters of February 21st, requesting an
opinion from this Department, and your letter of March 9,
1939, written in answer to our letter of March 7, 1939, re-
questing additional information.

The facts stated by you in your letters, and the
instruments attached, are briefly as follows:

"Jefferson County has what is known as its
permanent improvement fund, and that the Jeffer-
son County Water Control and Improvement District
No. 2 is undertaking to organize under and by
virtue of Chapter 39, Title 128, Article 7880,
etc., R. C. S. 1925. During the period from July
25 to December 12, 1938, the Commissioners' Court,
as a loan to Water Control and Improvement District
Sabine, Sabine Pass, Texas, paid the following items
out of the County's Permanent Improvement Fund:

7-25-38 F. T. Fletcher Co. (Bond Brokers)
        retaining fee                                    $500.00
9-12-38 Geo. L. Howell, Attorney, Legal
        services                                          250.00
10-20-38 State Board of Water Engineers
        of State of Texas-filing fees                     250.00
11-15-38 Geo. L. Howell, Attorney, Addi-
        tional Fees and Expense                           169.00

| | | |
|---|---|---|
| 11-20-38 | J. W. Summerville, Engineer - Expenses attending Meeting St. Bd. Water Engineers, Austin | 59.31 |
| 11-28-38 | L. Welch, Co. Commissioner- Expenses attending meeting | 59.50 |
| 12-12-38 | Geo. L. Howell, Attorney - Attorney fees and Expenses | 530.00 |
| 12-12-38 | L. Welch Co. Commissioner - Expenses attending Meeting of St. Bd. Water Engineers, Austin | 29.94 |
| | | $1,847.75" |

On January 30, 1939, the Commissioners' Court made and entered its order designated as a nunc pro tunc order undertaking the change the original amounts paid as loans from loans to Water Control and Improvement District Sabine, Sabine Pass, Texas, and to make it a direct payment for the purposes mentioned.

The copy of the nunc pro tunc order enclosed with your letter, states that the orders approving the claims set out above were passed at informal meetings of the Commissioners' Court, but that when they were written up and entered in the Minutes of the Court, though inadvertence and through error, they reflected that the payments were made as a loan to the District, whereas, in fact, the orders actually passed at the meeting provided for direct payments and not loans for and to the District, and that same were made under the provisions of Articles 2351 and 6831, R. C. S. 1925, and Article XI, Section 7, and Article V., Section 18, of the Constitution of the State of Texas.

The order nunc pro tunc further states that the communities of Sabine and Sabine Pass in Jefferson County, Texas, are wholly without protection from excessive tidal and flood waters, and are suffering from an inadequate supply of fresh water for domestic and commercial use, which creates a condition dangerous to the public health of the people in that area, and that the Commissioners' Court, being of the opinion that the condition should be remedied in the most practical and economical manner, thinks Jefferson County should bear a part of the expense necessary to establish, locate, erect, construct, extend, protect, strengthen, maintain and keep in repair, and otherwise improve a seal wall, breakwater, levee, dike, floodway and drainway necessary to prevent floods from excessive tidal and storm waters.

Your letter states that the information sought by you is as follows:

"(1): Under the Statutes and Constitution of Texas, the Statutes as above recited and the Constitution, Article 8, Section 9, can the Commissioners' Court legally appropriate either as a loan or as a direct payment of the indebtedness necessary to the organization of the Water or Drainage District.

"(2): If your answer to the above question is that they may legally pay or loan for said purposes, then the question is settled. On the contrary, if you say that they cannot pay or loan, then please answer the following question:

"Can the Commissioners' Court legally pay said amounts as above stated by entering the Nunc Pro Tunc order as was done in this case by simply changing, or stating the purposes for which the money was paid, as recited in the nunc pro tunc order, a copy of which is attached hereto. I have been referred to Article 8, Section 9 of the Constitution of the State of Texas, Carroll v. Williams, 202 S. W. 504, Article 2352 RCS. As I am an auditor and not a lawyer I ask you to please advise whether or not the case of Carroll v. Williams above referred to is decisive in this matter."

The Constitution of the State of Texas, Article VIII, Section 9, provides as follows:

"* * * no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; * * *"

It is elementary that money realized from taxes cannot be spent except for the express or necessarily implied purpose or purposes for which it was raised. Carroll v. Williams,

109 Tex. 155, 202 S. W. 504.

You state that the money spent in the instant case was from the permanent improvement fund of Jefferson County. The nunc pro tunc order of the Commissioners' Court sought to bring the district and expenditures within Article 6830, R.C.S. 1925, Acts 27th Legislature, First Called Session, 1901, Ch.12, p. 23, as amended by Acts of 39th Legislature, Regular Session, 1925, Ch. 96 p. 270, and which authorizes the county commissioners' court of all counties bordering on the coast of the Gulf of Mexico to locate, erect, keep in repair and improve any sea wall or breakwater, levees, dikes, floodways and drainways, and to levy a special tax for same; this Article enacts into law Article XI, Section 7 of the Constitution of the State of Texas. Jefferson County has levied no such tax and has no such fund. Even though the district and expenditures were within Article 6830, it would not follow that the expenditures could be legally made from the permanent improvement fund.

The questions to be determined before answering your inquiry are, first, whether or not the water control and improvement district proposed to be organized, under the circumstances and for the purposes set out in your letter, the order of the Commissioners' Court and the statutes, is a permanent improvement within the contemplation of Article VIII, Section 9 of the Constitution; and, second, whether or not the expenditures enumerated above come within the term "erection" as used in said article and section of the Constitution.

Under the rule of statutory and constitutional construction known as the doctrine of ejusdem generis, general words following an enumeration of particular or specific things will be confined to things of the same kind. 39 Tex. Jur. 202; R. of W. Oil Co. v. Gladys City O. G. & M. Co. 106 Tex. 94. In other words, if the framers of the Constitution had intended that the term "other permanent improvements" should be all inclusive, they would not have proceded it with the particular terms "public buildings, streets, sewers, waterworks", but would have merely provided that a tax could be levied for the erection of permanent improvements.

It is the opinion of this Department that the Jefferson County Water Control and Improvement District Number 2 is not a permanent improvement within the meaning of Article VIII, Section 9 of the Constitution, that the taxes constituting the permanent improvement fund of Jefferson County

were not levied and collected for that purpose, and that, therefore, they cannot be spent for the items set forth hereinabove, consisting of certain pre-organization expenses of such district.

The permanent improvement fund of a county has a further restriction upon its expenditure, that is, that it must be spent for the "erection of buildings, streets, sewers, waterworks and other permanent improvements", because the taxes composing it are assessed, levied and collected for such "erection." The expenditures outlined in your letter and contained in the nunc pro tunc order of the Commissioners' Court are for legal services, payment of the filing fee of the petition for the district with the State Board of Water Engineers, and for a retainer to a bond house. It is the opinion of this department that these expenditures do not come within the term "erection", and are not expenses of "erection" of a permanent improvement, and that, therefore, they are illegal.

The answer to your first question being that the expenditures are illegal and should not have been made, it is not necessary to answer your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ James Noel
James Noel
Assistant

JN:BT:SC

APPROVED:

/s/ W. F. Moore

FIRST ASSISTANT ATTORNEY GENERAL