**COMMERCE TRUST COMPANY et al.,**
**Appellants,**

v.

**Faye LYON, Appellee.**

**No. 15663.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1955.

Rehearing Denied Dec. 30, 1955.

Nelson, Montgomery, Robertson & Sellers and Lee Sellers, Wichita Falls, for appellant.

Stine & Stine and Vincent Stine, Henrietta, for appellee.

RENFRO, Justice.

Suit was brought by appellee Faye Lyon against appellants for the adjudication of certain royalty interests.

In 1907 and 1908 the Byers executed two oil and gas leases to Producers Oil Company, covering parts of Blocks 26 and 17 and all of Block 41, Byers Bros. Subdivision in Clay County, Texas, and providing for one-eighth of all oil produced as royalty.

On March 9, 1917, the Byers executed a warranty deed to J. A. Burrus, covering the above described land. Following the description of the land appeared the following: "It is expressly understood by the grantee that the above named blocks of land are under lease to the Producers Oil Co. for the production of oil, gas and other minerals, and that the grantors retain the royalty interest named in the said lease to the Producers Oil Co., with the understanding that the proceeds of all royalty received for oil shall be divided equally with the grantee."

Following the general warranty appeared the words, "except as provided in body of deed for oil, gas and minerals."

It was stipulated that appellee has succeeded to all the right, title and interest of grantee Burrus, and that appellants have succeeded to all the right, title and interest of the grantors in said deed. It was further stipulated that the Producers Oil Company leases expired in 1929.

The sole question in this appeal is whether the trial court was correct in holding that the reservation in the deed from the Byers to Burrus ended with the expiration of the Producers Oil Company leases.

Appellants earnestly argue that the parties to the deed intended that the reservation

should be perpetual, and the only reason for the reference to the Producers lease was to state the quantum or measure of the interest reserved.

Neither side has cited authorities particularly helpful in determining the point involved. Appellants cite and rely on Murphy v. Jamison, Tex.Civ.App., 117 S.W.2d 127, error refused. In that case the grantors retained $15/16$ths of all mineral rights from said "land", the reservation being followed by reference to a mineral lease then in effect. In addition, the court also discussed the construction given the reservation by the parties themselves in holding the reservation to be in perpetuity. In the instant case the reservation retained "the royalty interest named in the said lease", and, contrary to appellants' contention, the evidence offered in the trial court did not, in our opinion, show that the parties at the time of the execution of the deed or subsequent thereto construed the reservation as being in perpetuity.

The holding in Curlee v. Anderson & Patterson, Tex.Civ.App., 235 S.W. 622, lends some support to appellee's contention that the interest reserved by the grantors expired with the Producers leases.

The deed was in usual form, and granted everything not specifically reserved. The disputed reservation recited the land was under lease to Producers Oil Co. for the production of oil, etc., and grantors retained the "interest named in the said lease". No other reservation or exception appears in the deed except in the warranty clause, wherein appears the words, "except as provided in body of deed for oil, gas and minerals". The reservation in the body of the deed has been copied in full. The exception in the warranty clause adds nothing to the reservation set out in the "body of deed".

■ We agree with the trial court that nothing was reserved except the royalty named in the leases, and to extend the reservation to royalty under future leases would be enlarging the reservation as made in the deed.

■ It is a rule of construction of deeds that they are to be most strongly construed against the grantor and in favor of the grantee, and this rule applies to reservations and exceptions. 31–A Tex.Jur., p. 87; Collier v. Caraway, Tex.Civ.App., 140 S.W.2d 910. A reservation of minerals to be effective must be by clear language. Courts do not favor reservations by implication. Sharp v. Fowler, 151 Tex. 490, 252 S.W.2d 153.

■ It cannot be questioned the Byers had the right to reserve to themselves the royalty or any right of ownership they might have chosen to reserve, but the interest they reserved by the language of the reservation may not be enlarged to include a greater estate, interest or right than a fair construction of the language of the reservation requires.

In our opinion to construe the words, "grantors retain the royalty interest named in the said lease to the Producers Oil Co., with the understanding that the proceeds of all royalty received for oil shall be divided equally with the grantee", to mean that the grantors are to retain one-half the royalty interest in perpetuity would be to enlarge the reservation made, and would be reading in the reservation a greater interest than the language justifies. As we construe the deed, the grantors reserved a one-half royalty interest from oil produced by the Producers Oil Company under its leases and did not reserve any royalty interest in oil that might be produced under future leases. The reserved interest expired with the expiration of the Producers Oil Company leases.

Judgment affirmed.