**H. L. McGUIRE et al., Appellants,**

v.

**G. E. BRUCE et al., Appellees.**

No. 6267.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 17, 1959.

Rehearing Denied Jan. 20, 1960.

Alto Watson, Bell & Blair, Beaumont, for appellants.

Bradford Pickett, Liberty, Escar R. Wren, Houston, S. Norris Rowland, Liberty, Wm. G. Fox, Houston, Clarence D. Cain, Liberty, for appellees.

ANDERSON, Chief Justice.

We are called upon to determine the estate that was granted by the following royalty deed, portions of which we italicize:

"The State of Texas ⎱
"County of Liberty ⎰

"Know All Men by These Presents:

"That we, Allen Barrett, and Alice Barrett, husband and wife, of the County of Liberty, and State of Texas, for and in consideration of the sum of Three Thousand Dollars to us in hand paid by W. T. Woods Trustee, the receipt of which is hereby acknowledged have Granted, Sold and Con-

veyed, and by these presents do Grant, Sell and Convey unto the said W. T. Woods, Trustee of the County of Liberty, and State of Texas *a one-sixteenth (⅟₁₆) part, portion or royalty in, under and upon that certain tract of land lying and being situated in the County of Liberty, State of Texas, and more particularly described as follows:*

"Being nine (9) acres off of the East part of the Allen Barrett 15 acre tract in the N. G. White League, and bounded as follows: [15-acre tract described]

"To find the beginning corner of the land in which *the ⅟₁₆ royalty interest is hereby conveyed,* commence at the northwest corner of the said 15 acre tract;

"Thence run East 180 feet to a stake for the Northeast corner of the 6 acre tract in which the minerals were conveyed to said Partlow and the Northwest and beginning corner of this tract;

"Thence South parallel with the west line of said 15 acre tract 200 feet for corner;

"Thence east parallel with the North line of said 15 acre tract to an interior northeast corner of the said Partlow 6 acre tract;

"Thence South parallel with the East line of said 6 acre tract to the south line of said 15 acre tract;

"Thence East along the south line of said 15 acre tract to the Southeast corner thereof;

"Thence Northerly along the East line of said 15 acre tract to the Northeast corner thereof;

"Thence Westerly along the North line of said 15 acre tract to the place of beginning, to contain 9 acres of land. *It being the intention hereby to convey to the Grantee a one-half of the one-eighth royalty reserved by us in lease given by these grantors to B. G. Riviere October 1st, 1921 of record in Volume 107, Page 254 of the Deed Records of said County.*

"To Have and to Hold the above described royalty interest together with all and singular the rights and appurtenances thereto in anywise belonging unto the said W. T. Woods, Trustee, and his heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said royalty interest unto the said W. T. Woods, Trustee, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands at Liberty, Texas, this 26th day of November, A.D.1923.

"Allen Barrett
"Alice Barrett"

"(Acknowledgments)

The matter was placed in issue by an action in form of trespass to try title. H. L. McGuire and A. J. McGuire, who between them own the title of Allen and Alice Barrett (grantors in the foregoing royalty deed), sued G. E. Bruce and numerous other defendants who claim under the deed. They, the McGuires, contend that the royalty deed conveyed only one-half of the one-eighth royalty reserved in the lease referred to in the deed (the lease Allen and Alice Barrett made in favor of B. G. Riviere under date of October 1, 1921), and that the estate so granted expired or lapsed when the lease itself lapsed prior to January 1, 1931. Appellees, on the other hand, contend that the royalty deed conveyed a one-sixteenth royalty interest in fee or as a perpetual interest. Upon undisputed facts the trial court construed the deed as having conveyed a perpetual one-sixteenth royalty interest and denied the plaintiffs recovery to that extent. The plaintiffs appealed.

We have concluded that the trial judge correctly construed the deed. We accept as correct the proposition that if only royalty under the Riviere lease was granted, the estate so granted lapsed when the lease lapsed. But we cannot subscribe to the theory that an intention to grant only royalty under the Riviere lease is clearly evidenced by the following sentence of the deed: "It being the intention hereby to

convey to the grantee a one-half of the one-eighth royalty reserved by us in lease given by these grantors to B. G. Riviere October 1st, 1921 of record in Volume 107, Page 254 of the Deed Records of said County." The sentence may be as well explained upon the theory that it was included in order to make doubly certain that the deed was to apply to royalty under the lease that was then already in force. And we feel that it must be so interpreted, since there is nothing to render inapplicable the general rule that requires that the deed be construed in the light most favorable to the grantee. 14-B Tex.Jur., Deeds, sec. 133, p. 580. Moreover, had it been the intention of the grantors to grant only royalty under the Riviere lease, the improbability that they would have employed the language they did in the granting clause is so strong as to leave little room to doubt that a permanent estate was intended. With the above-quoted sentence construed as we construe it, the deed clearly granted a one-sixteenth royalty in fee or in perpetuity. Brown v. Smith, 141 Tex. 425, 174 S.W.2d 43. We have carefully examined the cases cited in appellants' brief, but find nothing in them requiring a different construction of the deed.

It may be added that the construction that has been given the deed appears to be in keeping with the construction placed upon it by the Barrett heirs who conveyed to appellant H. L. McGuire. They represented in their deeds to him that they owned only a ⅓₂ royalty. In addition to the ⅟₁₆ royalty conveyed by the deed in question, Allen and Alice Barrett had also conveyed a ⅓₂ royalty to E. B. Pickett, Jr., on January 5, 1925.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

Although neither side has complained of the matter, we find that originally we misconstrued part of the land description in the royalty deed. Contrary to our own bracketed representation in the copy, the deed did not describe the 15-acre tract of land. Instead, it described the nine acres twice. The portion of the description omitted in copying the deed into the original opinion was the following:

"Bounded on the North by the Jos. Riviere 10 acre tract and the Harrison and Pickett 33 acre tract;

"on the East by the said Harrison and Pickett 33 acre tract;

"on the South by the Sun Company Tract out of the Shade tract in the Davis Hinchey League, the north line of this Sun Co., tract being also the South line of the M. G. White League;

"on the West by 6 acres of land in which the minerals were conveyed by these grantors to R. G. Bartlow by deed dated April 23rd, 1919, of record in Volume 78 page 532 of the Deed Records of said County, the land in which the ⅟₁₆ royalty interest is hereby conveyed is also described by metes and bounds as follows:"

We also find that in writing the original opinion we lost sight of the fact that the parties had stipulated that the royalty deed was prepared by one of the persons for whom the royalty was purchased.

Upon the basis of the stipulation, appellants in their motion for rehearing, challenge the soundness of the assertion, made in the original opinion, that there "is nothing to render inapplicable the general rule that requires that the deed be construed in the light most favorable to the grantee." They contend, of course, that the language of the deed is in fact the language of the grantees and that any doubt regarding its meaning should therefore be resolved against the grantees and those claiming under the grantees. They cite no authority in support of their contention.

Being of the opinion that the disposition of the case must be the same under either theory, we refrain from passing upon the law question appellants have raised. However, we doubt that appellants' contention is correct. Expressions to be found in

Gladys City Oil, Gas & Mfg. Co. v. Right of Way Oil Co., Tex.Civ.App., 137 S.W. 171, 178, would perhaps support it. But if we correctly interpret its opinion in the same case, 106 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268, the Supreme Court did not agree with the Court of Civil Appeals on the matter. The case of McBride v. Hutson, 157 Tex. 632, 306 S.W.2d 888, tends, perhaps, to support the contention, but is distinguishable on its facts. The fiduciary relationship of attorney and client existed between the grantor and the grantee who prepared the deed. The great weight of authority, however, suggests that the law is not as appellants claim it to be. It has been repeatedly and unqualifiedly said that the language of a deed is the language of the grantor. Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Garrett v. Dils Co., 157 Tex. 92, 299 S.W.2d 904; Couch v. Southern Methodist University, Tex.Com.App., 10 S.W.2d 973. And the cases are legion in which it has been unqualifiedly said that the language of a deed is to be construed in the light most favorable to the grantee. See Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930; Humble Oil & Refining Co. v. Harrison, 146 Tex. 216, 205 S.W.2d 355; Hoffman v. Magnolia Petroleum Co., Tex. Com.App., 273 S.W. 828; Allen v. Creighton, Tex.Civ.App., 131 S.W.2d 47, er. ref.; Clemmens v. Kennedy, Tex.Civ.App., 68 S. W.2d 321, error refused. In the case last cited, the deed was prepared by the grantee's attorney. In the case preceding it, Allen v. Creighton, the grantee's father-in-law, an attorney, prepared the deed and also supplied legal services as consideration for the deed. And it is a fair assumption that in Hoffman v. Magnolia Petroleum Co. the deed was prepared by the grantee's attorney. Additional cases of the kind could likely be found, but the research would not be justified. As previously stated, we find is unnecessary to decide the question that is involved.

The Riviere lease covered all of the fifteen acres from which the nine acres described in the deed were carved. Actually,

therefore, unless upon the theory that it was inserted to make clear that the deed was intended to pass title to one-half the royalty that might accrue under the lease from the nine acres, the intention clause cannot be harmonized with the rest of the deed. It states an intention to convey one-half of the one-eighth royalty reserved in the Riviere lease, whereas the rest of the deed clearly evidences an intention to convey a 1/16 royalty interest in a specific nine acres of land. Any thought that the deed would have been prepared as it was if it had only been intended to convey one-half of the royalty reserved in the lease must be rejected. Especially so, since such a purpose could have been accomplished by simple assignment.

Appellants have advanced one argument having to do with the state of the law at the time when the royalty deed was made. We have considered it, but we are not moved by it.

Appellants' motion for rehearing is overruled.