Katherine KAISER et al., Appellants,

v.

Clara C. LOVE et al., Appellees.

No. 3963.

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1961.

Rehearing Denied Jan. 4, 1962.

McGowan, Godfrey, Logan & Decker, Warren W. Shipman, III, Ft. Worth, for appellant.

Hugh D. Reed, Jr., Fairfield, for appellee.

McDONALD, Chief Justice.

The question for determination is the estate that was granted in the deed, pertinent portions of which follow:

"THE STATE OF TEXAS  
COUNTY OF ROBERTSON } KNOW ALL MEN BY THESE PRESENTS:

"That we, F. R. and T. R. Collard, husband and wife, of the County of Robertson, State of Texas, for and in consideration of the sum of $1200. to us paid by B. F. Love, as follows: Cash,

"HAVE GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto the said B. F. Love of the County of Robertson, State of Texas, all that certain tract or parcel of land * * * (description omitted), containing 593 acres of land more or less.

"*But we, F. R. Collard and T. R. Collard do hereby reserve to ourselves all the oil and gas rights in the above tract of land hereby conveyed in the full terms as set forth in a oil and gas lease executed and entered into by B. F. Love, F. R. Collard, and T. R. Collard of the first part and ——— Breeding of the second part on the 18th day of February, A. D. 1915.*

"TO HAVE AND TO HOLD The above described premises, * * *.

"WITNESS our hands at Wheelock, Texas, this 28th day of November, A. D. 1916.

"F. R. Collard, Sr.  
"T. R. Collard."

(Acknowledgments)

———◆———

Plaintiffs are the heirs of B. F. Love, and defendants are the heirs of F. R. and T. R. Collard. B. F. Love and the Collards owned the foregoing described land in fee simple. On 18 February, 1915 they executed and delivered a conventional five year primary term, oil, gas, and mineral lease on the lands to R. E. Breeding; Breeding assigned the lease to Producers' Oil Company in February 1916, and Producers' Oil Company assigned the same to the Texas Company in November, 1917; *and the Texas*

*Company released the lease in January, 1923. Such lease was in full force and effect on 28 November, 1916.*

The plaintiffs contend that the reservation in the deed terminated in January, 1923, when the lease to Breeding terminated. The defendants contend that the reservation permanently reserved to the Collards all of the mineral interest owned by the Collards.

Trial was before the Court without a jury, which, after hearing, entered judgment for plaintiffs for all of the mineral interest in the lands; filed Findings of Fact setting forth the facts as herein stated; and Conclusions of Law, as follows:

(The reservation, supra) "is to be construed against Grantors in said deed, and is to be treated as a matter of contract made by and between the parties, and thus it is my opinion that the only interest the Collards reserved in said deed was 'in the full terms' only as set forth in the Breeding oil and gas lease, and said lease having expired, said reservation expired, and the defendants now have no interest in said land, or any part thereof, but the same is owned by the plaintiffs."

Defendants appeal, contending that the Collards reserved "all the oil and gas rights in the above land", and that the deed refers to the oil and gas lease for purposes of description of "all the oil and gas rights in the above tract of land"; and that the termination of that lease did not terminate the oil and gas rights reserved by the Collards.

The sole question for determination is whether the Trial Court was correct in holding that the reservation in the Collards' deed to Love terminated with the termination of the Breeding oil and gas lease.

Both parties agree that the instrument is subject to construction from its own four corners (and that extrinsic evidence is not available for interpretation), and our decision will rest upon that theory.

■ It is a rule of construction that should there be any doubt as to the proper construction of the deed, that doubt should be resolved against the grantors, whose language it is, and the deed should be held to convey the greatest estate permissible under its language. Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Garrett v. Dils Co., 157 Tex. 92, 299 S.W.2d 904; Pitts v. Camp County, Opinion Adopted, 120 Tex. 558, 39 S.W.2d 608. The foregoing rule applies to reservations and exceptions. 31A Tex.Jur. p. 87; Commerce Trust Co. v. Lyon (n. w. h.), Tex.Civ.App., 284 S.W.2d 920. A reservation of minerals to be effective must be by clear language. Courts do not favor reservations by implication. Sharp v. Fowler, 151 Tex. 490, 252 S.W.2d 153.

■ If a royalty estate only is reserved under a particular oil and gas lease, the estate reserved, depends for its continued existence, on the continued existence of the oil and gas lease under which it was created; and by the same token such reservation lapses when the lease ceases to exist. Richardson v. Hart, 143 Tex. 392, 185 S.W.2d 563; McGuire v. Bruce, Tex.Civ.App., 332 S.W.2d 110; Commerce Trust Co. v. Lyon (n. w. h.), Tex.Civ.App., 284 S.W.2d 920.

■ With the foregoing rules in mind, we revert to the reservation:

"*We* (the Collards), *hereby reserve to ourselves all the oil and gas rights in the above tract of land hereby conveyed, in the full terms as set forth in a oil and gas lease executed* (to Breeding) *in 1915.*"

Had the grantors intended to reserve *all* of the oil and gas rights as contended by defendants, they need not have included in their reservation the language, "*in the full terms as set forth in a oil and gas lease executed (to Breeding) in 1915.*" Having included such language in their reservation, we conclude under the applicable rules, supra, that they intended to reserve only the royalty retained in such lease. The language, "in the full terms as set forth in a oil and gas lease executed (to Breeding) in

1915", we think, limits and restricts the preceding reservation to the terms of the lease; and so when the lease terminated, the reservation also terminated. At most, we think that such language raises a doubt, which under the rules of construction announced, must be resolved against the grantor.

Defendants rely heavily upon Murphy v. Jamison, W/E Ref., Tex.Civ.App., 117 S.W. 2d 127. In that case the grantor reserved $^{15}\!/_{16}$ of all mineral rights from said land, and then in addition reserved $^{15}\!/_{16}$ of all rights under a certain lease. Clearly the Murphy case is correct on its facts, but cannot control the factual situation in this case, as contended by defendants.

The judgment of the Trial Court is affirmed.