

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 29, 1966

Honorable Ben Atwell
Chairman
Interim State and Local
  Tax Committee, and
  House Standing Revenue
  and Taxation Committee
1002 Dallas Federal Savings Bldg.
Dallas, Texas

                 Opinion No. C-783

                 Re: Whether an increase
                     in the motor fuel
                     tax may be used to
                     remove billboards
                     and junkyards from
                     land adjacent to
                     certain highways or
                     to screen from view
                     said junkyards.

Dear Mr. Atwell:

     You ask our opinion as to

        ". . . whether or not a one cent increase
in the gasoline tax (i.e., the 3/4 allotted
to highways under the Constitution) could be
used to comply with the terms of the Federal
Highway Beautification Act of 1965."

     Our opinion is that no portion of the tax now imposed
on gasoline by the present provisions of Chapter 9 of Title
122-A, Taxation-General, Vernon's Civil Statutes, or any
increase of that tax, may be used to comply with any of the
provisions of the Federal Highway Beautification Act of 1965
which provide for either,

        1) the removal of signs, displays and devices
           from land adjoining certain highways and

which land is outside of the right-of-way
of said highways,

or

2)   the screening from view from said highways
of outdoor junkyards situated on land out-
side of the right-of-way of said highways
by screening done on land outside of said
right-of-way, or the removal of such junk-
yards situated on land outside of the right-
of-way of said highways.

The Federal Highway Beautification Act of 1965 was
approved October 22, 1965.   It is Public Law 89-285, 79
Stat. 1028, and is comprehended within Title 23, U.S.C.A.,
Highways.   Among other provisions, it provides that Federal-
aid highway funds apportioned on or after January 1, 1968,
to any State which the Secretary determines has not made
provision for <u>effective</u> <u>control</u> of:

1)   ". . . the erection and maintenance along
the Interstate System and the primary system
of outdoor advertising signs, displays, and
devices which are within six hundred and
sixty feet of the nearest edge of the right-
of-way and visible from the main traveled
way of the system, . . ."

and,

2)   ". . . the establishment and maintenance
along the Interstate System and the primary
system of outdoor junkyards, which are with-
in one thousand feet of the nearest edge of
the right-of-way and visible from the main
traveled way of the system, . . ."

shall be reduced by 10 per centum of the amounts which such
States would otherwise have received from the Federal govern-
ment under Section 104 of said Title 23.   Sections 131b and
136b, Title 23.

The term "effective control" relative to outdoor signs,
displays and devices means the removal of all of them within
the prescribed distance, except those which conform to the
standards promulgated by the Secretary; this term as related
to outdoor junkyards means the removal or screening from view

from the highway of those out of doors within the prescribed distance. The Secretary is the Secretary of Commerce. 23 U.S.C.A. Sec. 101(a).

The purposes for which the revenues from the Texas motor fuel (gasoline) tax now imposed by Chapter 9 of Title 122-A, Taxation-General, Vernon's Civil Statutes, may be used, together with the allocation of such revenues, are stated in Article VIII, Section 7-a of our state Constitution which reads as follows:

"Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; provided, however, that one-fourth ($\frac{1}{4}$) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund; and, provided, however, that the net revenue derived by counties from motor vehicle registration fees shall never be less than the maximum amounts allowed to be retained by each County and the percentage allowed to be retained by each County under the laws in effect on January 1, 1945. Nothing contained herein shall be construed as authorizing the pledging of the State's credit for any purpose." (Emphasis added)

We do not find a statutory definition of a highway right-of-way, but such right is generally held to be the mere right to pass over the land of another. Right-of-Way

Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S.W. 737, 739 (1913); Bolton v. Dyck Oil Co., 114 S.W. 2d 299, 301 (Tex. Civ. App. 1938, error dism.); Words and Phrases, Permanent Edition, "Right-of-Way", Vol. 37A, p. 410 et seq.

A highway roadway is defined in Article 6701d Section 13(c), Vernon's Civil Statutes, as follows:

> "(c) Roadway. That portion of a highway improved, designed, or ordinarily used for vehicular travel. In the event a highway includes two (2) or more separate roadways the term 'roadway' as used herein shall refer to any such roadway separately but not to all such roadways collectively."

This seems to be the generally accepted definition. Words and Phrases, Permanent Edition, "Roadway", Vol. 37A, pp. 525-528.

In State v. City of Austin, 160 Tex. 348, 331 S.W. 2d 737, 741 (1960), the Court reiterated the holding of prior decisions wherein it held that,

> ". . . the main purposes of roads and streets are for travel and transportation. . . ."

Pursuant to Article VIII, Section 7-a of our Constitution that portion of the net revenue allocated for highway purposes which might be applied in any conceivable manner to the Federal Highway Beautification Program, may be used only for,

(1) acquiring rights-of-way,

(2) constructing, maintaining, and policing such public roadways, and

(3) administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads.

This Section of our Constitution was adopted in 1946. This was just after the end of World War II, when our nation was still in the throes of recovery from that war.

We do not believe that the people of this State who adopted this provision at that time contemplated that the revenue derived from the motor vehicle registration fees and taxes on motor fuel and lubricants be used in the beautification of land adjoining the highways. The applicable rule of constitutional construction is stated in River Oaks Garden Club v. City of Houston, 370 S.W.2d 851, 854, (Tex. Sup. 1963) as follows:

> "The fundamental rule for the government of courts in the interpretation or construction of a Constitution is to give effect to the intent of the people who adopted it."

We do not perceive how any of the above authorized classes of expenditures authorized by our Constitution can be construed to include either the removal of signs, displays, and devices or junkyards from lands adjacent to our State highways and which are outside of the highway rights-of-way and which comprise no portion of our State highway system, or how such classes of expenditures can be construed to authorize the screening from view from said highways of outdoor junkyards situated on land outside of the right-of-way of said highways by screening done on land outside of the right-of-way.

Opinion C-595 (1965) of the present Attorney General made certain holdings relating to the authority of the State Highway Department to purchase interests in strips of land necessary for the restoration, preservation and enhancement of the scenic beauty adjacent to Federal-aid highways in Texas. That opinion does not consider, in any aspect, the source of the monies available for such acquisitions, which is the subject of this present opinion.

### S U M M A R Y

The provisions of Article VIII, Section 7-a of our State Constitution prohibit the use of any of the net revenues allocable thereunder to highway usage to either,

1) the removal of signs, displays and devices from land adjoining certain highways and which land is outside of the right-of-way of said highways,

or

2)  the screening from view from
said highways of outdoor junk-
yards situated on land outside
of the right-of-way of said
highways by screening done on
land outside of said right-
of-way, or the removal of
such junkyards situated on
land outside of the right-of-
way of said highways.

Yours very truly,

WAGGONER CARR
Attorney General

By: W. E. Allen
Assistant

WEA/fb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
James McCoy
W. O. Shultz
Marietta Payne
William Colburn
Carroll Graham

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright